The Gulf, Colorado & Santa Fe Railway Company
v. Henry Werchan.

No. 246.

1. **Jurisdiction of the Court of Civil Appeals in Cases Appealed from the Justice to the County Court.**—The former Court of Appeals has held that it had jurisdiction when the judgment rendered or the amount in controversy in the Justice Court exceeded $20, and there had not been a trial de novo in the County Court. As the question can not arise as to the jurisdiction of this court, since the limitation as to trial de novo does not occur in the law organizing the Court of Civil Appeals, and we have very few cases transferred to us from the Court of Appeals in which the question could arise, we prefer to follow the law as construed at the time that this appeal was perfected, and to hold that we have jurisdiction of the appeal in this case, although the Courts of Civil Appeals for the Second and Third Districts have held otherwise.

2. **Attorney Fees not Costs—Amount in Controversy.**—The purpose of the law (Act of April 5, 1889), giving fees in suits for the collection of claims against railways, where the amount of the claim does not exceed $50, is to fix the measure of damages recoverable in such cases, and the measure of damages is the claim sued for and the attorney fees. The act does not provide that the fee shall be taxed as costs, nor does its recovery follow a judgment for the claim sued on as costs. It can only be recovered when the claim does not exceed $50, it can not exceed $10, thirty days must have elapsed from the time the claim was presented before suit, and plaintiff must establish his claim for

the full amount.  Hence the right to recover the fee at all, as well as the amount of it, is a matter in controversy, and it must be sued for as a part of the plaintiff's demand; hence the amount of it is a part of the amount in controversy.

APPEAL from Washington.  Tried below before Hon. LAFAYETTE KIRK, County Judge.

*J. W. Terry* and *Charles K. Lee,* for appellant.—1.  The attorney fee of $10 allowed by the Act of April 5, 1889, was allowed as damages, and not as costs, and therefore forms a part of the amount in controversy and of the judgment.

2.  Whatever may be the true construction of the statute in this particular case, the judgment was rendered for $21 and interest, and hence the County Court had jurisdiction.   King v. Robinson, 2 Willson's C. C., sec. 556.

No brief on file for appellee.

GARRETT, CHIEF JUSTICE.—Appellee brought suit in the Justice Court against appellant to recover the value of four acres of grass burned by sparks of fire emitted from the company's engine.   His statement of the cause of action, as filed December 28, 1891, with the justice of the peace, is for "the value of four acres of grass, burned by sparks of fire emitted from said company's engine, and the injury to the turf or sod of said four acres, on the 28th day of August, 1891, $16."   Citation issued on the same day, stating the nature of the demand for the value of the grass burned and injury to the turf, which was alleged to be $16, with the prayer that citation be issued to defendant, and for judgment for damages and all costs of suit, and in addition thereto $10 attorney fees, etc.

Trial was had January 18, 1892, when the court overruled defendant's exception to the attorney fee sought to be recovered, that the law allowing it was unconstitutional and void, and rendered judgment for the plaintiff for the sum of $21, with 6 per cent interest from date, and all costs.   It appears from the transcript from the Justice Court that $5 attorney fee was allowed plaintiff's attorney.

From this judgment the defendant appealed to the County Court, where the appeal was dismissed on the motion of the plaintiff, that the County Court had no jurisdiction, because the amount in controversy was less than $20.   Defendant excepted to the judgment of the County Court dismissing the appeal from the Justice Court, and gave notice of appeal to the Court of Appeals, and the transcript of the record has been filed in this court in accordance with the act of the Legislature providing for the organization of the Courts of Civil Appeals.

It was held by the Court of Civil Appeals for the Second District, that the Court of Appeals did not have jurisdiction of an appeal where the

judgment rendered in the County Court or the amount in controversy did not exceed $100. Railway v. Rowley, 22 S. W. Rep., 182. Followed by the Third District in Railway v. Farmer, ante, 458. The Court of Appeals has held, that it had jurisdiction when the judgment rendered or the amount in controversy in the Justice Court exceeded $20, and there had not been a trial de novo in the County Court; citing as authority Pevito v. Rodgers, 52 Texas, 581; Williams v. Sims, 4 Willson's Civil Cases, section 151. As the question can not arise as to the jurisdiction of this court, since the limitation as to trials de novo does not occur in the law organizing the Court of Civil Appeals, and we have had very few cases transferred to us from the Court of Appeals in which the question could arise, we prefer to follow the law as it was construed to be at the time the appeal in this case was perfected, and to hold that we have jurisdiction of the appeal in this case if the County Court had jurisdiction.

The appellate jurisdiction of the County Court, as fixed by the Constitution and statute, is "in civil cases over which the Justice Courts have original jurisdiction, when the judgment of the court appealed from or the amount in controversy shall exceed $20 exclusive of costs." Const., art. 5, sec. 16; Rev. Stats., art. 1165; Miman v. Eidman & Bro., 1 W. & W. C. C., secs. 627, 630.

The judgment of the Justice Court was for $21 and all costs, but it is evident that $5 of the amount for which judgment was rendered was for the attorney fee in the case, and unless it can be said that the attorney fee was not a part of the costs of the suit the County Court had no jurisdiction, and the motion of the plaintiff to dismiss the appeal was properly sustained.

The authority of the justice of the peace to render judgment for the attorney fee is conferred by an act of the Legislature, approved April 5, 1889. Gen. Laws 1889, p. 131. It will be seen from an examination of the law that its purpose is to regulate the collection of claims against railways where the amount does not exceed $50, and "to fix the measure of damages recoverable" in such cases; and that the measure of damages is the claim sued for and an attorney fee, which must be reasonable and not exceed $10. The fee is not by the language of the act to be taxed as a part of the costs, nor does its recovery follow a judgment for the claim sued on as costs; but it is only under certain conditions that the fee can be recovered. The claim must not exceed $50; it must have been verified and presented to an agent of the company; thirty days must have elapsed from the time it was presented before suit; the plaintiff must establish his claim for the full amount thereof; and finally, only a reasonable fee, not to exceed $10, can be allowed, which is to be assessed by the court or jury trying the issue. Hence the right to recover the attorney fee is a matter of controversy also, both as to the right to recover

at all as well as the amount thereof. It must be sued for as a part of plaintiff's demand, and the facts authorizing its recovery must be shown on the trial. The intention of the Legislature was no doubt to allow it as a penalty for the failure of railway companies to settle promptly small claims against them that are just, without forcing the holders of such claims to the necessity of bringing suit thereon, and as such it becomes in every suit in which it is claimed a part of the matter in controversy, and does not follow the judgments as costs of the suit.

The court below erred in dismissing the appeal, and the judgment will be reversed and the cause remanded for a trial de novo in the County Court.

*Reversed and remanded.*

Delivered June 15, 1893.