GULF, COLORADO AND SANTA FE RAILWAY COMPANY v. LEO BLAKE.

Decided May 9, 1906.

**Killing of Dog by Railway Train.**

Facts considered, and held insufficient to show negligence on defendant's part, or if negligence, that it was the proximate cause of the killing.

Appeal from District Court of Jasper.   Tried below before Hon. W. B. Powell.

*J. W. Terry, F. J. Duff* and *A. L. Davis,* for appellant.—A railway company is not required to fence against dogs, and in order to recover for the killing of a dog, plaintiff must show negligence on the part of the railway company. Texas & P. Ry. Co. v. Scott, 4 Texas Apps. Civ., sec. 277, p. 476; Texas & P. Ry. Co. v. Scrivener, 49 S. W. Rep., 649; Southern, etc., Ry. Co. v. Cooper, 75 S. W. Rep., 329; Missouri, K. & T. Ry. Co. v. Willis, 17 Texas Civ. App., 230; Gulf, C. & S. F. Ry. Co. v. Blanchenbeckler, 13 Texas Civ. App., 251.

In an action to recover damages against a railway company for killing an animal against which the company is not required to fence, the plaintiff must show not only negligence on the part of the company, but that such negligence was the proximate cause of the killing. San Antonio & A. P. Ry. Co. v. Clark, 62 S. W. Rep., 546; San Antonio & A. P. Ry. Co. v. Clark, 26 Texas Civ. App., 280; Missouri, K. & T. Ry. Co. v. Morris, 63 S. W. Rep., 888.

The court erred in rendering judgment against defendant for any amount because there was no sufficient evidence before the court as to the value of the dog killed. Houston & T. C. Ry. Co. v. Williams, 31 S. W. Rep., 559; Gulf, C. & S. F. Ry. Co. v. Dunman, 4 Texas Apps. Civ., sec. 99; 5 Am. & Eng. Ency. of Law (new ed.), 375.

The mere statement of a witness that an article or animal is worth a certain sum is not competent to prove intrinsic value. International & G. N. Ry. Co. v. Nicholson, 61 Texas, 553; Galveston, H. & S. A. Ry. Co. v. Davis, 1 Texas Apps. Civ., sec. 147; Galveston, H. & S. A. Ry. Co. v. Schrader, 1 Texas Apps. Civ., sec. 1147; State Bank v. Ford, 27 N. C., 698; Hutchinson on Carriers, sec. 770b.

The court erred in admitting over the objection of defendant testimony as to the intrinsic value of the dog alleged to have been killed by the defendant in the absence of any sufficient testimony to show that there was no market value for the dog at the time and place where and when it was killed.

*W. W. Blake,* for appellee.—While a railroad company is not required to fence its tracks at road crossings and near depots, nor against dogs, they are required to use ordinary care to avoid accidents and damage to others near crossings and depots, and operating a train at a high rate of speed within the yard limits, crossing a road near a depot, without the usual signals, is negligence per se. Marshall v. Dallas Con. Ry. Co., 73 S. W. Rep., 63; St. Louis, A. & T. Ry. Co. v. Hanks, 78 Texas, 304; Houston & T. C. Ry. Co. v. Terry, 42 Texas, 451; Galveston, H. & S. A. Ry. Co. v. Matula, 15 S. W. Rep., 575; Houston & T. C. Ry. Co. v. Loughbridge, 1 Texas App. Civ., 755; Jackson v. Kansas C. Ft. S. & M. Ry. Co., 58 S. W. Rep., 38; Grand Trunk Ry. v. Ives, 144 U. S., 419; Cyc., vol. 16, p. 922.

When plaintiff makes a prima facie case of negligence, the burden of proof is shifted to defendant to show that the usual precautions were used to avoid or prevent accidents. Or to show proper and ordinary care in the particular case. 16 Cyc., 937; International & G. N. Ry. Co. v. Timmermann, 61 Texas, 660; Gulf, C. & S. F. Ry. Co. v. Benson, 69 Texas, 408.

In the absence of any proof of any market value for property destroyed

by a railroad, then the special or intrinsic value of the property, as shown by the testimony, will become the measure of damages, and opinions of witnesses are sufficient to establish the amount of damages. "That measure of damages should be adopted in each case which will most nearly compensate for the loss sustained." Cluck v. Houston & T. C. Ry. Co., 9 Texas Ct. Rep., 189; Webb v. Daggett, 13 Texas Ct. Rep., 294; Highland v. Houston, E. & W. T. Ry. Co., 65 S W. Rep., 650; Houston & T. C. R. R. Co. v. Knapp, 51 Texas, 600; Fort Worth, etc., v. Hogsett, 67 Texas, 687.

NEILL, ASSOCIATE JUSTICE.—The appellee sued appellant in the Justice's Court to recover damages for the alleged killing of his hound dog of the Walker breed, named Whiskey. He recovered twenty-five dollars for Whiskey in the Justice's Court, and, on appeal to the District Court, fifty.

The evidence shows that Whiskey was a mighty fine fox hound and well trained for his age, for he was hardly a year old when killed. When last seen alive he was standing lazily in dreamy hound-like meditation near appellant's railroad track. When next seen his head was off and his body mangled, for he had been struck and run over by a railway train near the place where he had been seen standing. There was no eye-witness to Whiskey's death, or if there were he never appeared or was called as a witness on the trial. So we don't know who's to blame for the catastrophe—the appellant or Whiskey. The court found as a fact that the engineer negligently failed to whistle for Whiskey, but there is no evidence whatever in the record that such is the fact, unless it can be inferred that engineers never whistle for Whiskey. Though it has been held by the Supreme Court of Tennessee that a dog is such an animal as the statute contemplates where it requires the whistle shall be sounded when they are seen upon the track, but that the engineer is not required to whistle separately for each particular dog in a pack in full cry in a fox chase along a railroad. For this, says the court, would be requiring too great diligence of the engineer, especially as he has no means of informing each dog that any special whistle is sounded for him. (Fink v. Evans, 95 Tenn., 413.)

There is, however, evidence in the record tending to sustain the court's finding that the train which "struck the noble hound" was running at an unusual high rate of speed. This, it has been held may be considered for what it is worth, as an act of negligence when the train is passing over a portion of the track where it is likely animals may be found upon it. (Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W. Rep., 785.) In this particular case we are somewhat puzzled to estimate the worth of such fact. For it stands alone as the only act of negligence of the railway company upon which there is any evidence at all. Is it sufficient to support the judgment? Though negligence be proven, unless it is shown to be the proximate cause of the act upon which the damage sought to be recovered is predicated it is insufficient to sustain an action. It is manifest that the rapid speed of the train was not necessarily the efficient cause of the dog's death; for, whether it was running slow or fast, it is evident the dog would have been killed if struck and run over by the engine. No facts were proven which would tend to show that he

would not have been killed if the train had not exceeded its ordinary rate of speed. It was incumbent upon the appellant to show this, for the burden was upon him to show that appellant's negligence was the proximate cause of the dog's being killed.

The proximate cause of an event is that which, in a natural and continuous sequence, unbroken by any new, independent cause produces the event, and without which the event would not have occurred. From the evidence before us it can not be said that rapid speed of the train (conceding it to be negligence) in a natural and continuous sequence, unbroken by any new, independent cause produced Whiskey's death, and that without it his death would not have occurred. While a person guilty of negligence is held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind; still, it does not appear what the circumstances were which in fact existed at the time the engine was being run at an excessive rate of speed or that the engineer was acquainted with them. There is nothing to show when the dog went upon the track, or that the engineer could have reasonably anticipated his going upon it at the time and place he did. There is nothing tending to show discovered peril of the dog; nor, if his peril was discovered, that his being run over could have been prevented by the use of every means at hand to stop the train. All the facts and circumstances lie wholly within a field of conjecture; and no one can say with the slightest degree of certainty what they probably were. We have the fast running of the train and a dead dog. That's all. This is not enough. For the death of the dog must be proven to be the proximate result of appellant's negligence, and a guess can not be substituted for such proof.

While dogs are regarded property in this State, they are not generally on the market; and, ordinarily, have no market value, though they may be, in some instances, of value to the owner. This value to the owner is all that can ordinarily be proven, and is the measure of the owner's loss or damage when his dog is negligently killed by another. In view of this we are not prepared to say that the evidence was not sufficient to prove the damages assessed by the trial court.

Because the evidence is insufficient to show with any degree of certainty that Whiskey's death was proximately caused by the negligence of the defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*