### LEMMONS v. DURAN.

(Court of Civil Appeals of Texas. Ft. Worth. April 29, 1911.)

STATUTES (§ 63*) — EFFECT OF UNCONSTITU-TIONALITY—JURISDICTION OF COURT.

The act under which plaintiff sought to recover an attorney's fee, being unconstitutional, though not then so adjudicated, furnished no legal basis for such a recovery, so that the amount claimed as an attorney's fee could not be considered on the question whether the amount in controversy was sufficient to give the court jurisdiction.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 63;* Constitutional Law, Cent. Dig. § 47.]

Appeal from Cottle County Court; W. E. Bray, Judge.

Action by J. E. Duran against J. C. Lemmons. Judgment for plaintiff. Defendant appeals. Reversed and dismissed.

Whatley & Hawkins, for appellant. Brown & Warlick, for appellee.

CONNER, C. J. Appellee instituted this suit against appellant for the sum of $175.70, balance due for certain specified labor performed, and the further sum of $10, alleged to be due "on a saddle bought of plaintiff by the defendant." He also further sought to recover the sum of $20 attorney's fees, under the act approved March 13, 1909 (see General Laws 1909, p. 93). The trial resulted in a verdict and judgment in his favor for the sum of $142.61, from which the defendant has appealed.

Appellant insists that the county court was without jurisdiction, contending that the $20 attorney's fees sought and recovered are not to be considered as a part of the amount in controversy. But whether this is true, as appellant insists was held in G., C. & S. F. Ry. v. Rowley, 22 S. W. 182, or otherwise, as held in the case of G., C. & S. F. Ry. v. Werscham, 3 Tex. Civ. App. 478, 23 S. W. 30, we need not determine, for the reason that since the trial of this case below the act of the Legislature cited, attempting under certain circumstances to authorize a recovery of reasonable attorney's fees not to exceed $20, has been declared to be unconstitutional and wholly void. See Ft. W. & D. C. Ry. v. Loyd, 132 S. W. 899. This being true, there was no legal basis for the recovery of the attorney's fees as sought. See Cartwright v. Canode (No. 6,857) 138 S. W. 792, this day decided by us. The remaining amount in controversy, exclusive of interest and costs, was less than $200, the amount to which the original jurisdiction of the county court is limited. Revised Statutes 1895, art. 1154.

It follows that the judgment must be reversed, and the cause dismissed for want of jurisdiction in the county court.