LOUTERSTEIN v. GALVESTON, H. & S. A. RY. CO.

(Court of Civil Appeals of Texas. San Antonio. Feb. 14, 1912.)

1. RAILROADS (§ 411*)—INJURIES TO ANIMALS ON TRACK—PERMIT TO FENCE.

Where the only negligence relied on in an action against a railroad company for the killing of an animal is its failure to properly fence, the killing must have taken place at a point where it was permitted to fence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1409–1450; Dec. Dig. § 411.*]

2. RAILROADS (§ 411*)—INJURIES TO ANIMALS ON TRACKS—PERMIT TO FENCE.

A railroad company may not fence its track on public crossings, nor within the switch or depot limits of any station where such fencing would be a nuisance to the general public or a menace to the safety of the employés and servants of the company in the transaction of station business.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 411.*]

Appeal from Colorado County Court; J. J. Mansfield, Judge.

Action by I. Louterstein against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

J. C. Kindred, for appellant. Baker, Botts, Parker & Garwood and Townsend & Quin, for appellee.

JAMES, C. J. This was an action against the railway company for damages for the killing of a mare belonging to appellant. The killing occurred within the corporate limits of the city of Weimar. All questions of negligence were eliminated. Plaintiff's counsel, as shown by the statement of facts, admitted that he did not seek to recover by reason of any negligence of defendant in the operation or handling of the train, nor in failing to ring the bell or blow the whistle, but that he relied solely upon the failure of defendant to fence its track at the place where the animal was killed.

[1, 2] The court submitted the case to the jury, and made the case turn upon the single question of whether or not the animal was killed at a point where the defendant was permitted to fence its track, and in that connection informed the jury that railway companies are not permitted by law to fence their tracks on public street crossings, nor required nor permitted to fence their tracks within the necessary switch and depot limits of any station on its lines where such fence would be a nuisance to the general public or a menace to the safety of the employés and servants of the company in doing the necessary switching and handling of the cars for the transaction of the business of such station. The charge was a correct submission of the issue, and the only question that it is subject to is the one made, which is that there was no evidence to excuse the absence of a fence at the place where this accident occurred; and that all the evidence was the other way. We have read the evidence and find enough in the testimony of the witnesses Manney Louterstein and C. E. Wright to support a verdict in favor of the railway company on said issue, to say nothing of the fact that the issue was determined by a local jury, who were in a better situation than we are to understand and give proper effect to the testimony of the several witnesses.

Affirmed.