WICHITA VALLEY RY. CO. et al. v. LEATHERWOOD. (No. 712.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1914.)

APPEAL AND ERROR (§ 59*)—COURT OF CIVIL APPEALS—JURISDICTION—"AMOUNT IN CONTROVERSY."

Rev. St. 1911, arts. 1589, 2078, give to Courts of Civil Appeals jurisdiction of cases of which the county courts have appellate jurisdiction when the "amount in controversy" exceeds $100, exclusive of interest and costs. Article 2178 provides that if a claim for injury to stock is not paid within 30 days after presentation, the claimant may sue therefor, and if he shall finally establish his claim and obtain judgment for the full amount as presented for payment, he may recover the amount of the claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided he has employed an attorney, not to exceed $20. Held, that such $20 attorney's fees is not a part of the costs, but rather a part of the damages; and hence, where plaintiff sued for $100 for injuries to a mule and also for reasonable attorney's fees not to exceed $20 under such act, the attorney's fees constituted a part of the amount in controversy so as to confer appellate jurisdiction on the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 270–274; Dec. Dig. § 59.*

For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

Appeal from Dickens County Court; O. S. Ferguson, Judge.

Action by M. G. Leatherwood against the Wichita Valley Railway Company and others. Judgment for plaintiff, and defendants appeal. On motion to dismiss. Denied.

W. T. Andrews, of Stamford, and Chapman & Coombes, of Anson, for appellants. W. D. Wilson, of Spur, for appellee.

HUFF, C. J. The appellee, by motion, seeks a dismissal of this cause on the ground that this court is without jurisdiction, for the reason that the suit originated in the justice court, of which the county court had appellate jurisdiction, and that the amount in controversy does not exceed $100. The record shows that the suit was brought in the justice court, precinct No. 3, Dickens county, in which court appellee obtained judgment, from which appellant appealed to the county court of said county and in which latter court appellee again obtained judgment for $100, and the further sum of $20, attorney's fees. The demand of appellee filed in the justice court was substantially stated as follows: To injury and damage to a mule while being loaded on the car

through the negligence of the servants of appellants, $100; "also for reasonable attorney's fees, not to exceed $20, as provided by article 2178 of the Revised Civil Statutes of the state of Texas, plaintiff having employed an attorney in this cause and made demand in writing upon the Wichita Valley Railway Company for the payment of said claim, more than 30 days before filing of this suit." As we understand the contention of the appellee, the attorney's fee is claimed by him to be part of the costs, and not part of the amount in controversy.

The Courts of Civil Appeals have jurisdiction of cases of which the county courts have appellate jurisdiction when the amount in controversy shall exceed $100, exclusive of the interest and costs. Articles 1589, 2078, R. C. S. The statute authorizing a recovery of attorney's fees provides that a person having a bona fide claim against any person or corporation doing business in this state for stock injured by such person or corporation, upon the presentation of the claim to such parties or their authorized agents in the county where the suit may be instituted, and if the same is not paid within 30 days after presentation, he may sue therefor, and if he shall finally establish his claim and obtain judgment for the full amount thereof, as presented for payment, he shall be entitled to recover "the amount of such claim *and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fees,*" provided he has an attorney employed, not to exceed $20, to be determined by the court or jury trying the case. Article 2178, R. C. S. It will be noted the act itself makes attorney's fees an amount additional to costs. It is not to be recovered and taxed as costs, but attorney's fee is to be reasonable and not to exceed $20, which is to be determined by the court or a jury, and the judgment must be for the full amount of the claim presented, and 30 days must have elapsed after such claim is presented before suit is brought, etc. These are all the facts which must be alleged and proven before a recovery can be had for attorney's fees—it is thereby made part of the "amount in controversy." Its recovery is a matter of controversy, both as to the right of recovery as well as the amount thereof. We gather from the law that it was the intention of the Legislature to allow it as in the nature of a penalty for the failure to settle claims which are just or bona fide, without forcing the holder to the necessity of bringing suit thereon. We follow the case of Gulf, C. & S. F. Ry. Co. v. Werchan, 3 Tex. Civ. App. 478, 23 S. W. 30, which holds an attorney's fee recoverable under the act of April 5, 1889 (Gen. Laws 1889, p. 131), more in the nature of a penalty than that of costs. The act there under consideration is substantially the same as the law now under review. Gulf & I. R. Ry. Co. v. Gregory, 59

S. W. 310. The Missouri courts, under statutes similar to ours, hold attorney's fees recoverable in their nature penalties which inhere in the cause of action, in addition to the principal sum recoverable at common law, as enhanced damages, savoring of penalty for vexatious conduct in causing litigation to be prosecuted. Bucholz v. Metropolitan Life Ins. Co., 176 Mo. App. 464, 158 S. W. 451, and authorities cited.

We conclude that we have jurisdiction of the appeal, and overrule appellee's motion to dismiss.