The other holdings in the opinion I express no opinion on.

---

ST. LOUIS, B. & M. RY. CO. et al. v. KNOWLES. (No. 5336.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1914.)

1. Courts (§ 169*)—Jurisdiction—"Amount in Controversy."

The attorney's fee sought to be recovered under authority of Rev. St. 1911, art. 2178, in an action for the value of a mule killed by defendants' train, was a part of the "amount in controversy," within the constitutional and statutory provisions establishing the jurisdiction of courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*

For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

2. Receivers (§ 183*)—Railroads—Killing of Stock—Action Against Receiver—Petition.

Where a petition not excepted to, in an action for the value of a mule killed by a train, though not specifically alleging that the mule was killed while the defendant receiver was operating the railway, alleged that it was killed through the negligence of defendants' servants and employés in charge of the train, it stated a cause of action against the receiver, based on the ground that the injury occurred after he became receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366; Dec. Dig. § 183.*]

3. Railroads (§ 447*)—Injury to Stock—Refusal of Instructions.

Where, in an action for the value of a mule killed from being struck by a train, the court instructed merely that plaintiff was required to show that defendants were guilty of negligence, without stating that such negligence must have been the proximate cause of the injury; it was error to refuse instructions defining proximate cause and stating that plaintiff could not recover, unless defendants' negligence was the proximate cause of the injury, though such requested instructions ignored the issue with respect to the necessity of fencing the point where the injury occurred.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1642–1650; Dec. Dig. § 447.*]

4. Railroads (§ 441*)—Injury to Stock—Failure to Fence—Burden of Proof.

In an action for the value of a mule killed from being struck by a train after it has gone upon the track where the right of way was not fenced, the burden was on the defendants to show that such place was within the necessary switching and depot limits, where a fence would be a nuisance and was not required.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

5. Railroads (§ 446*)—Injury to Stock—Negligence—Proximate Cause—Question for Jury.

Where, in an action for the value of a mule killed by defendants' train, the evidence conflicted on whether signals were given and in regard to the distance between the locomotive and the mule when the mule approached and ran along the track, the question whether defendants were guilty of negligence, which proximately caused the injury, was for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. § 446.*]

Appeal from San Patricio County Court; P. A. Hunter, Judge.

Action by J. M. Knowles against the St. Louis, Brownsville & Mexico Railway Company and others. From judgment for plaintiff, defendants appeal. Reversed and remanded, and rehearing denied.

Claude Pollard, of Kingsville, and Robt. W. Stayton and David M. Picton, Jr., both of Corpus Christi, for appellants. R. L. Evans, of Sinton, for appellee.

MOURSUND, J. J. M. Knowles sued the St. Louis, Brownsville & Mexico Railway Company and Frank Andrews, receiver for said railway company, alleging that the defendants, their agents, servants, and employés in charge of a certain train, had negligently run over and killed a mule belonging to plaintiff. Plaintiff alleged that defendants are indebted to him in the sum of $220. He alleged that the mule was worth $200 at the time it was killed, which was on July 2, 1913, and that he was entitled to an attorney's fee of $20 under the provision of the

Texas statutes. In his prayer he asks for judgment in the sum of $220, and his interest and costs. Defendants, by their answer, put in issue all of the allegations of the petition. The trial resulted in a verdict and judgment in favor of plaintiff for $220.

[1] Appellants, though they did not raise the question below, contend that the court was without jurisdiction of the amount in controversy; this contention being based upon the theory that the amount sued for was exactly $220, and that $20 of this amount was an attorney's fee provided for by statute, and should be held to constitute no part of the amount in controversy, but to be merely costs.

As our Supreme Court has held in the case of Railway v. Chambliss, 93 Tex. 62, 53 S. W. 343, that article 6603 (Rev. St. 1911) limits the recovery for animals killed by railroads in running over their tracks to the value thereof without interest, regardless of whether the suit is based upon the cause of action created by said statute or upon negligence, the prayer for interest cannot be considered, and it is necessary to decide the question whether the attorney's fee is a part of the amount in controversy. Article 2178 (R. S. 1911), in allowing attorney's fees, does not designate the same as costs; in fact, it expressly provides for the recovery of all costs, and in addition a reasonable attorney's fee, not exceeding $20. It is also provided that in jury trials the jury shall determine what is a reasonable fee. It is true that the right to recover attorney's fees is conditioned upon the jury awarding a recovery of the amount of the claim as presented, but it is clear that it is necessary to allege and prove the facts entitling plaintiff to recover attorney's fee.

We conclude that the attorney's fee sought to be recovered is a part of the amount in controversy, within the meaning of the provisions of the Constitution and statute establishing the jurisdiction of our courts. Wichita Valley Ry. Co. v. Leatherwood, 170 S. W. 262; Railway v. Werchan, 3 Tex. Civ. App. 478, 23 S. W. 30.

[2] Appellants contend further that fundamental error was committed in rendering judgment against Frank Andrews, receiver of the railway company; such contention being based upon the theory that plaintiff's petition contains no allegation sufficient to support the judgment. It is true the petition does not specifically allege that the mule was killed while the receiver was operating the railway, but it is alleged that said mule was killed through the negligence of the defendants, their agents, servants, and employés in charge of the train. This pleading was not excepted to, nor did appellants deny that the receiver had charge of the properties of the railway company at the time the mule was killed. No objection was raised during the trial, nor in the motion for a new trial, to judgment being rendered against the receiver on account of the nature of the pleading, nor was it contended that he was not in charge of the railroad at the time the mule was killed. The petition does not show that no cause of action exists against the receiver. On the contrary, it is alleged that his agents and employés caused the injuries, and, indulging every reasonable intendment in favor of the pleading, we hold that it stated a cause of action against the receiver, based upon a ground that the injury occurred after he became receiver. The second assignment is overruled.

[3] The jury were instructed to find for plaintiff, unless they found from the evidence that public necessity, convenience, or commerce required that defendants' railway should be left unfenced at the place where the mule was killed, and if they found, applying such test, that the right of way should be left unfenced at such place, then, in order for plaintiff to recover, it was necessary for him to show, by a preponderance of the evidence, "that the defendants, their agents or employés, were guilty of negligence, or failed to use ordinary care, in the killing of said animal," if they believed said animal was killed. No objection was made to submitting both of these issues nor on account of the failure of the court to submit only those elements of negligence pleaded by plaintiff, but defendants did object to the charge on the ground that it did not require a finding that the negligence must be the proximate cause of the injury in order to entitle plaintiff to recover, and in connection with such objection a special charge was presented in due time, which read as follows:

"You are instructed that if you should find that defendants, or either of them, were guilty of negligence, this would not entitle plaintiff to recover, unless such negligence was the proximate cause of the injury to or death of plaintiff's mule."

Another special charge was requested, defining proximate cause. These charges were refused, and such refusal is assigned as error upon this appeal. Appellee says these special charges should not have been given, because they ignored the issue with respect to the necessity of fencing at the point where the injury occurred. We see no merit in that contention. The charges, if given, would in no way have interfered with a finding in favor of plaintiff, provided the jury found that the right of way should have been fenced at the place where the injury occurred. The special charges related solely to the issue of negligence. It is impossible to say upon what issue the verdict was found, but we conclude, from reading the evidence, that it is highly probable it was found upon the issue of negligence; and, there being evidence to the effect that the mule ran upon the track in front of the engine from a place and at a time making his injury unavoidable, it was very important to appellants to have the spe-

cial charges given. The charge of the court merely required plaintiff to show, by a preponderance of the evidence, that defendants "were guilty of negligence, or failed to use ordinary care in the killing of said animal." In view of said charge, which we do not approve, and of the evidence adduced, we conclude that the failure to give the special charges constitutes error requiring the reversal of the case. Railway v. Williams, 39 S. W. 967; Railway v. Malone, 37 S. W. 640; Railway v. Blake, 43 Tex. Civ. App. 180, 95 S. W. 593; Railway v. Graham, 168 S. W. 55; International & G. N. Ry. Co. v. Matthews Bros., 158 S. W. 1048. The fifth and sixth assignments are sustained.

The seventh assignment relates to the sufficiency of the evidence to sustain a recovery for attorney's fee. Appellee admits that such assignment is well taken, and has offered to file a remittitur of the attorney's fees, if the other assignments should be overruled.

[4] The third and fourth assignments question the sufficiency of the evidence to sustain the verdict. These assignments are overruled. The evidence does not show, as a matter of law, that the place where the mule was killed was not required to be fenced by the railway company. While it is admitted that lots have been laid out on each side of the track at such place, there is no evidence that streets crossing the railroad track exist and are used by the public. The testimony with regard to the use of this track by the servants of the company in doing the necessary switching and handling of cars is not as clear as it might be. On another trial these matters should be more carefully developed. The burden rests upon the railroad company to show that said place was within the necessary switch and depot limits at a place where a fence would be a nuisance to the general public or a menace to the safety of the employés and servants of the company in doing the necessary switching and handling of the cars in the transaction of the business of such station. Louterstein v. Railway Co., 144 S. W. 310; Railway v. Schram, 138 S. W. 195.

[5] The evidence was conflicting in regard to the giving of signals by bell and whistle, also in regard to the distance between the locomotive and the mule at the time such mule approached and ran along the track. It cannot be said, as a matter of law, that no negligence was shown which proximately caused the injuries to the mule.

The remaining assignments of error are duplicates of those which have been considered; appellants having briefed the paragraphs of the motion for new trial as well as the formal assignments of error. The eighth, ninth, tenth, and eleventh assignments are overruled. The twelfth, thirteenth, and fourteenth are sustained.

The former opinion delivered in this case is withdrawn. The judgment will remain as rendered by us, namely, that the judgment of the trial court be reversed, and the cause remanded. Appellants' motion for rehearing is overruled.