GULF, TEXAS & WESTERN RAILWAY COMPANY V. EARL LUNN.

No. 2374.   Decided December 23, 1914.

**Railway—Attorney's Fees—Constitutional Law.**

The Act of March 13, 1909, Rev. Stats., 1911, art. 2178, providing for recovery of attorney's fees in certain actions against corporations, is constitutional and valid.  Missouri, K. & T. Ry. Co. v. Mahaffey, 105 Texas, 394, and Missouri, K. & T. Ry. Co. v. Cade, 232 U. S., 647, followed.  (Pp. 511, 512.)

The railway company obtained writ of error on the affirmance, on its appeal, of a judgment of the District Court dissolving an injunction against enforcement of a judgment recovered against it by Lunn in Justice Court.

*Ben B. Cain* and *Sporer & McClure,* for plaintiff in error.—The said statute under which this attorney fee is sought to be recovered is unconstitutional for the reason that it authorizes the recovery of an attorney fee by the plaintiff if he be successful in recovering judgment for the full amount of the claim sued for, but does not make any provision for the defendant in the event that he is unjustly sued and defeats the plaintiff's cause of action.  11 Current Law, p. 900; Chicago, etc., R. R. Co. v. Mashore (Okla.), 96 Pac., 630; Grand Rapids Chair Co. v. Runnells, 77 Mich., 104, 111; Coal Co. v. Rosser, 53 Ohio St., 12; Dandson v. Jennings (Colo.), 60 Pac., 354; Los Angeles Gold Mining Co. v. Campbell, 13 Colo. App., 1; Randolph v. Builders Supply Co., 106 Ala., 501.

The said statute under which this attorney fee is sought to be recovered is unconstitutional because it is violative of section 35, article 3, of the Constitution, in that in the title of the Act the recovery of the attorney fee is limited to claims not exceeding $200, and in section 1 of the Act it permits a recovery of an attorney fee in all suits of the character therein described regardless of the amount sued for.  Fort Worth & D. C. Ry. Co. v. Loyd, 132 S. W., 899; Lemons v. Duran, 138 S. W., 795.

*E. W. Nicholson,* for defendant in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Lunn filed a suit in Jack County in a Justice Court against the plaintiff in error for $3.50, alleging compliance with the Act of the Legislature for March 13, 1909, now article 2178, Revised Statutes of 1911.  The railway company paid the $3.50.  The justice gave judgment for the plaintiff for $10 attorney's fees, and the judge of the District Court of that county granted an injunction against said judgment, but subsequently dissolved the injunction and dismissed the case.  The railroad company appealed to the Court of Civil Appeals, which affirmed the judgment of the District Court, and this court granted a writ of error on the 2nd day of February, 1912.  From the entry made on our docket, the writer concludes that the writ was granted upon the assump-

tion that the statute authorizing the recovery of attorney's fees was unconstitutional.

On November 12, 1912, this court filed an opinion in Missouri, K. & T. Ry. Co. v. Mahaffey, 105 Texas, 394, 150 S. W., 881, in which the same statute was sustained, as being constitutional. That opinion was subsequently followed by the Supreme Court of the United States in Missouri, K. & T. Ry. Co. v. Cade, 232 U. S., 647, 58 L. Ed., 1135, 34 Sup. Ct., 678. We therefore affirm the judgment of the Court of Civil Appeals.

*Affirmed.*