**HOUSTON & T. C. R. CO. v. PATTERSON. (No. 7663.)**

(Court of Civil Appeals of Texas. Dallas. Dec. 9, 1916. Rehearing Denied March 31, 1917.)

1. JUSTICES OF THE PEACE ⬤⟿44(8) — JURISDICTION—AMOUNT IN CONTROVERSY—ATTORNEY'S FEE.

In an action against a railroad for injuries to horses in transit, wherein plaintiff prayed judgment for $197.50 and $20 as attorney's fee, under Rev. St. 1911, art. 2178, providing that any person having a bona fide claim for stock killed or injured may present it in the county where suit may be brought, and, if it is not paid or satisfied within 30 days, he may recover by suit the amount of such claim and an attorney's fee, the justice court had no jurisdiction of the amount in controversy; the attorney's fee constituting part of such amount.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 166.]

2. JUSTICES OF THE PEACE ⬤⟿141(2) — JURISDICTION OF COUNTY COURT ON APPEAL.

Where a case is appealed from a justice court to the county court, the latter has no jurisdiction unless the justice had jurisdiction, though the amount in controversy may be within the original jurisdiction of the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 472.]

3. APPEAL AND ERROR ⬤⟿20—JURISDICTION—LACK OF JURISDICTION BELOW.

Where the justice and county courts were without jurisdiction to hear and determine a cause, the Court of Civil Appeals is without jurisdiction, and can make no order in the cause other than to reverse the judgment of the county court and dismiss the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87.]

4. APPEAL AND ERROR ⬤⟿1178(8)—DISPOSITION—REMAND FOR AMENDMENT.

Where the justice court had no jurisdiction of an action, plaintiff seeking to recover in excess of the jurisdictional amount, which was appealed to the county court, and from thence to the Court of Civil Appeals, the latter court will not remand the case in order to give plaintiff an opportunity to amend his pleadings so as to eliminate the question of jurisdiction by reducing the amount sued for, since, the case having originated in justice court, jurisdiction cannot be conferred upon the county court by an amendment of the pleadings in it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4616–4619.]

Appeal from Navarro County Court; R. R. Owen, Judge.

Suit by J. H. Patterson against the Houston & Texas Central Railroad Company. From a judgment for plaintiff against defendant and the surety on its appeal bond on appeal from the judgment of a justice, defendant and the surety appeal. Reversed, and cause dismissed.

Baker, Botts, Parker & Garwood, of Houston, and R. S. Neblett and Gordon Damon, both of Corsicana, for appellants. W. A. Tarver, of Corsicana, for appellee.

TALBOT, J. The appellee, J. H. Patterson, instituted this suit in the justice court of precinct No. 1, Navarro county, Tex., against the appellant railroad company on the 5th day of March, 19—, to recover damages alleged to have been sustained by reason of injuries inflicted through the negligence of appellant upon two horses owned and shipped by appellee over appellant's road from Corsicana to Ft. Worth, Tex. Appellee charged that one of the horses so shipped died from the injuries inflicted upon it to his damage in the sum of $150; that by reason of the injuries inflicted upon the other horse shipped he had sustained damages in the sum of $47.50; that on the 20th day of Janu-

ary, 1915, appellee presented to E. O. Vaughan, the appellant's agent at Corsicana, Tex., a statement of his claim for damages resulting from the injuries to said horses and demanded payment therefor; that said claim was not paid within 30 days after said presentation and demand for payment; and that it became necessary for appellee to employ an attorney to file suit on said claim. Appellee prayed judgment for the sum of $197.50, the aggregate amount of damages alleged to have been sustained by him as the result of the injuries to his horses, for interest, costs of suit, and $20 as attorney's fee, the total amount prayed for being $217.50. A trial in the justice court resulted in a judgment in favor of the appellee, Patterson, for the full amount claimed and sought to be recovered by him. From this judgment the appellant appealed to the county court of Navarro county, giving United States Fidelity & Guaranty Company as surety on its appeal bond, and upon a trial in that court without a jury, on October 15, 1915, judgment was rendered in favor of appellee against appellant railway company and against the United States Fidelity & Guaranty Company as surety on said appeal bond for the sum of $217.50, the amount sued for, and for interest and costs of suit. Motion for new trial was filed in the county court, and, the same having been overruled, the Houston & Texas Central Railroad Company and the United States Fidelity & Guaranty Company perfected an appeal to this court.

[1] Appellants contend in this court for the first time that neither the justice court nor the county court had jurisdiction to hear and determine this cause, and the same should be reversed and dismissed. This contention is supported by several decisions of our appellate courts and will be sustained. Wichita Valley Railroad Co. v. Leatherwood, 170 S. W. 262; St. Louis, B. & M. Ry. Co. v. Knowles, 171 S. W. 245; Houston Packing Co. v. McDonald, 175 S. W. 806; Gulf, C. & S. Ry. Co. v. Werchan, 3 Tex. Civ. App. 478, 23 S. W. 30; Gulf & I. Ry. Co. v. Gregory, 59 S. W. 310. The appellee sued, as has been seen, to recover the sum of $197.50 as damages sustained by reason of injuries negligently inflicted upon his horses and for the further sum of $20, as attorney's fee. The claim for attorney's fee is based upon article 2178 of the statute (Rev. St. 1911), which provides, among other things, that any person having a valid bona fide claim against any person or corporation doing business in this state for stock killed or injured by such person or corporation may present the same to such person or corporation or to any duly authorized agent thereof in the county where the suit may be brought, and if at the expiration of 30 days after the presentation of such claim the same has not been paid or satisfied, he may immediately sue thereon in the proper court, and if he shall finally establish his claim and obtain judgment for the full amount

thereof, as presented for payment, he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fee, provided he has an attorney employed in the case, not to exceed $20, to be determined by the court or jury trying the case. The allegations of the appellee in the justice and county courts were amply sufficient to show, and did show, a cause of action for the injuries inflicted upon his horses and for the attorney's fees provided for in the statute mentioned, and upon the testimony adduced appellee recovered in both courts the amount claimed, namely, $197.50, for injury to his horses and $20 attorney's fees, aggregating $217.50. That the attorney's fee sued for constituted a part of the amount in controversy, within the meaning of our statutes fixing the jurisdiction of the several courts in this state, and not merely costs, is clearly and definitely affirmed by the decisions we have cited, and upon the authority of those decisions we hold that the justice court did not have jurisdiction of the amount in controversy in this case, and for that reason the county court had no jurisdiction to hear and determine the cause.

[2] Where a case is appealed from a justice court to the county court, the latter is without jurisdiction, unless the justice court had jurisdiction, though the amount in controversy may be within the original jurisdiction of the county court. W. R. Kelley & Co. v. J. E. Stevens & Sons, 136 S. W. 94.

We have carefully read and considered the cases cited by appellee, but find ourselves unable to reach any other conclusion than that they are not in conflict with the cases referred to above and upon which our holding is predicated, and would not warrant this court in saying the $20 attorney's fees sought to be recovered by appellee were not a part of the amount in controversy herein or appellee's cause of action.

[3] The justice and county courts being without jurisdiction to hear and determine the cause, this court is without jurisdiction, and can make no order in it on this appeal other than one reversing the judgment of the court below and dismissing the case.

[4] Appellee suggests that, in the event this court holds that the amount in controversy exceeds the jurisdiction of the justice court and that the county court therefore was without jurisdiction, the case should be reversed and remanded in order to give him an opportunity to amend his pleadings so as to eliminate the question of jurisdiction. Several cases are cited in support of this suggestion, but upon investigation we conclude they are not in point and would not warrant such a course. They are cases which originated in the county court. The case before us originated in the justice court, and, that court not having jurisdiction of the amount in controversy, jurisdiction could not be conferred upon the county court by an amendment of

the pleadings in that court reducing the amount originally sought to be recovered to $200 or a less amount. .The only court in which the amount sued for might have been reduced for the purpose of giving the court jurisdiction, if at all, was in the justice court, and as a reversal and remanding of the case by this court would simply send the case back to the county court, and not to the justice court, the opportunity of eliminating the question of jurisdiction now raised by the appellant has been lost.

The judgment of the court below is reversed, and the cause dismissed.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes