## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. POST.   (No. 2219.)

(Court of Civil Appeals of Texas. Texarkana. March 25, 1920. Rehearing Denied April 1, 1920.)

1. Courts ⬤⟳121(5)—Damages ⬤⟳69—Justice court has jurisdiction if claim is for $200, as interest is not recoverable.

As amount recoverable from a railroad for stock killed does not include interest, eo nomine or as damages, action against railroad on claim for mule killed, in which the complaint alleged the mule's value was $200, did not appear, because of any element of interest recoverable, to be for more than $200, of which the justice court alone had jurisdiction.

2. Railroads ⬤⟳444—Attorney's fee recoverable only where claim presented does not exceed claim proved.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, in action against railroad for killing a mule, if plaintiff's claim presented was not for a greater sum than the claim proved he is entitled to recover a sum not exceeding $20 as attorney's fee, but if the claim presented was for a greater sum than the claim proved, he is not entitled to recover anything as an attorney's fee.

3. Railroads ⬤⟳444—Attorney's fees recoverable on establishment of claim, though less than sum sued for.

In such action, where plaintiff complied with the statutory condition that plaintiff "shall finally establish his claim * * * as presented for payment," the fact that he did not establish, at the trial, a claim for interest covered by his suit, but which he never presented to defendant for payment, is not a reason why the statute did not operate in his favor.

4. Courts ⬤⟳121(5)—"Amount in controversy" includes attorney's fee sued for.

In action against railroad for $200 for mule killed and $20 attorney's fees under Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, where it appeared plaintiff had a right to the attorney's fee claimed, such fee was properly included in determining the amount in controversy, which therefore, amounted to $220.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

Appeal from Bowie County Court; J. B. Lytal, Judge.

Action by G. A. Post against the St. Louis Southwestern Railway Company of Texas. From judgment for plaintiff, defendant appeals. Reformed and affirmed.

In his petition filed August 30, 1917, appellee alleged that appellant, in the operation of one of its trains on July 23, 1916, negligently struck and killed a mule belonging to one Jones, whereby said Jones was damaged in the sum of $200, the value of the mule; that Jones assigned his claim against appellant for damages to him, appellee; that said claim was presented to appellant for payment, which was refused, more than 30 days prior to the time this suit was commenced; and that appellee had "been compelled to employ an attorney to collect said claim in the prosecution of this suit, at a reasonable fee of $20." Appellee prayed that he—

"have judgment in the amount of his damages in the sum of $200, the value of said mule, and attorney's fees in the sum of $20, in the total

sum of $220, and interest on such damages from the 23d day of July, 1916, at the legal rate, for all costs of suit," etc.

The appeal is from a judgment awarding appellee a recovery in conformity to his prayer.

King & Estes, of Texarkana, for appellant.
Johnson & Tidwell, of New Boston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] The theory on which appellant contends that the court below was without jurisdiction of the suit was that it appeared from the allegations in appellee's petition that he was not entitled to recover either the sum he sued for as interest on the value of the mule or the sum he sued for as attorney's fees, and that the suit therefore should be treated as one for $200 only, of which a justice court alone had jurisdiction. We agree it appeared from said allegations that appellee was not entitled to recover anything as interest, either eo nomine or as damages. Railway Co. v. Muldrow, 54 Tex. 233; Railway Co. v. Chambliss, 93 Tex. 62, 53 S. W. 343; Railway Co. v. Knowles, 171 S. W. 245; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031. But we do not agree that it further appeared that he was not entitled to recover the attorney's fee he sued for. Whether he was or not depended on the amount of the "claim" within the meaning of article 2178, Vernon's Statutes. If the "claim" was not for a greater sum than $200, he was entitled to recover a sum not exceeding $20 as an attorney's fee. If the "claim" was for a greater sum than $200, he was not entitled to recover anything as an attorney's fee. Railway Co. v. Mahaffey, 105 Tex. 394, 150 S. W. 881. Appellant's insistence that the "claim" within the meaning of the statute referred to was for more than $200 is predicated on the fact that the suit was not only for $200 as the value of the mule, but also for interest on that sum from the time the mule was killed. But the statute seems to apply only when a plaintiff's claim is a valid one, and we have just sustained the contention made by appellant that appellee's claim for interest on the value of the mule was not a valid one. If, however, we thought that was not a reason why appellant's contention should be overruled, we nevertheless would overrule it because we think appellee's "claim" within the meaning of the statute was the one Jones presented to appellant. That claim, according to the allegations in the petition and the proof as well was for $200 only, and not for that sum and interest thereon. So far as it is applicable said article 2178 of the statutes is as follows:

"Hereafter, any person having a valid, bona fide claim against any person or corporation doing business in this state * * * for stock killed or injured by such person or corporation, its agents or employés, may present the same to such person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court; and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court, he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fees; provided, he has an attorney employed in the case, not to exceed twenty dollars, to be determined by the court or jury trying the case."

[4] It will be noted that the pertinent condition in the statute is that the plaintiff in such a suit "shall finally establish his claim * * * as presented for payment" to the defendant. Appellee did that, and we think the fact that he did not establish a claim for interest covered by his suit, but which he never presented to appellant for payment, is not a reason why the statute did not operate in his favor. Railway Co. v. Brown, 186 S. W. 273. If it did operate in his favor, then he was entitled to recover an attorney's fee, and the amount in controversy between him and appellant according to the part of his petition not subject to demurrer was $220— $200 as the value of the mule and $20 as an attorney's fee. Railway Co. v. Leatherwood, 170 S. W. 262; Railway Co. v. Patterson, 193 S. W. 691; Railway Co. v. Knowles, 171 S. W. 245; Railway Co. v. Knowles, 180 S. W. 1146.

The judgment will be reformed so as to award appellee a recovery of $220 and interest thereon from the date thereof, to wit, August 8, 1919, instead of from July 23, 1916, and, as so reformed, will be affirmed.