### DAVIS, Director General, v. FORE.
### (No. 6913.)

(Court of Civil Appeals of Texas. San Antonio. March 21, 1923. Rehearing Denied May 2, 1923.)

1. **Costs ⊙═ 173(1) — Reasonable attorney's fees may be recovered.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, any person having a valid bona fide claim, including one for lost or damaged freight, upon the presentation of the same for payment and failure to pay, may recover the amount of the claim and a reasonable amount for attorney's fees not to exceed $20.

2. **Courts ⊙═ 121(5)—Attorney's fee constitutes part of "amount in controversy."**

Attorney's fee provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, where payment of claim is refused on demand, constitutes a part of the amount in controversy in an action to recover on the claim, and will be considered in fixing the jurisdiction of the trial court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

3. **Courts ⊙═ 121(11)—Remittitur of attorney's fee after judgment held not to rob court of jurisdiction.**

· The county court having jurisdiction of a claim for $200 for property and $20 attorney's fees, to which plaintiff was entitled under Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, it was not robbed of such jurisdiction by a remittitur of the attorney's fees after judgment for plaintiff.

4. **Customs and usages ⊙═ 10—Delivery by carrier to unauthorized person not warranted by custom.**

A custom as to delivery of goods by express company to any soldier at barracks or headquarters would not authorize delivery to a person not authorized to receive such goods for sendee.

Appeal from Nueces County Court; R. H. Sutherland, Judge.

Suit by Clyde Fore against James C. Davis, Director General, and another. Judgment for plaintiff, and the Director General appeals. Affirmed.

Jefferson D. Todd, of Corpus Christi, for appellant.

E. L. Coleman, of Corpus Christi, for appellee.

FLY, C. J. This suit was instituted by appellee against the American Railway Express Company and James C. Davis, Federal Agent, appellee alleging that he delivered to the parties named certain silver spoons, knives, forks, and other articles of table ware at Corpus Christi, Tex.., for transportation to New York City, to be delvered there to appellee, and that the Federal Agent and company failed to deliver said property to appellee or any one authorized to receive the same for him. Appellee sought to recover $200 for the property and $20 for attorney's fees. The court dismissed the express company from the suit, and the jury returned a verdict for $200 in favor of appellee and $20 attorney's fees, with interest from February 28, 1920, at 6 per cent. per annum. Appellee entered a remittitur for the attorney's fees.

[1] The county court had jurisdiction of the amount sued for, which was $200 for the property and $20 attorney's fees. Under the provisions of article 2178, Vernon's Sayles' Civ. Stats., any person having a valid, bona fide claim against any person or corporation doing business in Texas, among other things, for lost or damaged freight, upon presentation of the same for payment and failure to pay, may recover the amount of the claim and a reasonable amount for attorney's fees, not to exceed $20. The article has been held to apply to cases not involving claims for more than $200 and to be constitutional. Railway v. Mahaffey, 105 Tex. 394, 150 S. W. 881; Railway v. Lunn, 106 Tex. 511, 171 S. W. 1121; Railway v. Cade, 233 U. S. 642, 34 Sup. Ct. 678, 58 L. Ed. 1135; Railway v. Harris, 234 U. S. 412, 34 Sup. Ct. 790, 58 L. Ed. 1377, L. R. A. 1915E, 942.

[2] It has been settled by Texas decisions that the attorney's fee constitutes a part of the amount in controversy, and, of course,

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

would be considered in fixing the jurisdiction of the trial court. Railway v. Leatherwood (Tex. Civ. App.) 170 S. W. 262; Railway v. Knowles (Tex. Civ. App.) 171 S. W. 245; Houston Packing Co. v. McDonald (Tex. Civ. App.) 175 S. W. 806; Railway v. Patterson (Tex. Civ. App.) 193 S. W. 691; Railway v. Post (Tex. Civ. App.) 220 S. W. 129.

[3] There is no merit whatever in the claim that a remittitur of attorney's fees, after judgment, robbed the court of jurisdiction. The jurisdiction as to the amount in controversy is fixed by the bona fide allegations of the petition, and, if the plaintiff desires to give any portion of his judgment to the defendant, it is too clear for discussion that it does not affect the jurisdiction of the court. The first, second, and fourteenth assignments of error are overruled.

[4] The third assignment of error is overruled. The evidence whose exclusion is complained of was clearly illegal and incompetent. Appellee had no agent to receive goods for him, and a custom as to delivery of goods by express companies to any soldier at barracks or headquarters would not justify such delivery to a person not authorized to receive such goods, and who may have appropriated the same.

The evidence shows that appellee, who was a first lieutenant in the Motor Transport Corps, United States Army, at West Fifty-Seventh street and Twelfth avenue, New York City, had authorized no one to receive express packages for him, and on the date when the package was delivered by appellant to a soldier named A. J. Bushey appellee was in an adjoining room and could have been easily found. No effort was made to locate appellee, but the package was delivered to the first soldier who offered to receipt for it. The evidence shows negligence upon the part of appellant. There was no basis for an instruction to the jury to return a verdict for appellant. Bushey did not hold himself out as an agent for appellee, but, if he had, that would not relieve appellant from its negligence in not endeavoring to locate appellee, or inquire into the authority of the soldier to receive the package. The fourth and fifth assignments of error are overruled.

The judgment was only for interest on the $200, and not on the $20 attorney's fee, and appellant was not injured by any hypothetical charges as to finding interest on the combined sums. The sixth assignment of error is overruled.

There was no question of agency in the evidence, and the instructions seeking to inject that issue into the case were properly refused. The sixth, seventh, eighth, and ninth assignments of error are overruled.

The court could in terms have properly instructed the jury to find for the attorney's fees, and the ninth assignment of error is overruled.

The eleventh, twelfth, and thirteenth assignments of error are too general and indefinite for consideration. There is no merit whatever in this appeal, as the facts clearly disclose gross negligence by which appellee lost his silver and other table ware.

The judgment is affirmed.