HOUSTON PACKING CO. v. McDONALD, Justice of the Peace, et al. (No. 5465.)

(Court of Civil Appeals of Texas. San Antonio. April 14, 1915.)

COURTS ☞169—JURISDICTION — "AMOUNT IN CONTROVERSY"—"COSTS."

Attorney's fees sought to be recovered under Rev. St. 1911, art. 2178, are not merely "costs," but are a part of the "amount in controversy," within the statutes fixing the jurisdiction of courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. ☞169.

For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy; Costs.]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Petition for mandamus by the Houston Packing Company against W. T. McDonald and others. A demurrer to the petition was sustained, and judgment of dismissal entered on a refusal to amend, and plaintiff brings error. Affirmed.

Hutcheson & Hutcheson, of Houston, for plaintiff in error. Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, R. C. Patterson, and Bentley Nelson, all of Houston, for defendants in error.

MOURSUND, J. The Houston Packing Company, plaintiff in error, filed suit against the Texas & New Orleans Railway Company before W. T. McDonald, justice of the peace, on the 11th day of December, 1912, for $7.50, damages for lost meat hooks, all costs of suit, and $20 attorney's fees. The attorney's fee was sought to be recovered under the provisions of article 2178, Revised Statutes of 1911; a compliance with the provisions of said statute being duly alleged by the plaintiff. Judgment was obtained by the plaintiff for the sum of $7.50, with 6 per cent. interest from January 30, 1912, together with $10 attorney's fee and all costs of court.

The Texas & New Orleans Railway Company filed an appeal bond within the time required by law and sought to appeal the case to the county court, at law, of Harris county, on the theory that, although the judgment was for a less amount than $20, the amount in controversy was in excess of $20, because plaintiff had sued for an attorney's fee of $20, as well as the claim amounting to $7.50. The appeal bond was approved by the justice of the peace, and the transcript sent to the county court. Thereafter the Houston Packing Company filed a motion in the county court to dismiss the appeal for want of jurisdiction. This motion was overruled. On May 15, 1913, the Houston Packing Company filed its petition for mandamus in the district court of Harris county, Tex., alleging the facts above detailed, and seeking to compel the justice of the peace to issue execution on his judgment.

The court sustained a general demurrer to the petition for mandamus, and, the relator having refused to amend, the suit was dismissed.

Plaintiff in error contends that the court erred in sustaining the general demurrer, basing its contention upon the theory that the amount in controversy, as well as the judgment, was less than $20, and therefore no appeal could be taken, and relator could by mandamus compel the issuance of execution by the justice of the peace. The attorney's fee sued for constituted a part of the amount in controversy within the meaning of our statutes fixing the jurisdiction of the courts, and therefore respondent's suit was for $27.50, and, the appeal having been duly perfected, the judgment of the justice's court was set aside and annulled. We had occasion to pass upon this question in the case of St. Louis, B. & M. Ry. Co. v. Knowles, 171 S. W. 245; and after fully considering all the cases cited in appellant's brief herein, although not discussing all of them, we concluded that an attorney's fee sued for under the provisions of article 2178 constituted a part of the amount in controversy, and not merely costs. Our reasons for so holding are stated in that opinion and need not be repeated. In addition to the cases therein

relied upon, we cite the following cases called to our attention by appellee, viz.: G. & I. Ry. Co. v. Gregory, 59 S. W. 310; Clark v. Ford, 7 Kan. App. 332, 51 Pac. 938; Phenix Ins. Co. v. Stahl, 78 Kan. 448, 528, 96 Pac. 854.

As the facts alleged do not show that the justice's court judgment is in full force and effect, but show that it has been annulled, the judgment of the trial court is correct, and must be affirmed. We do not express any opinion on the question whether mandamus would be the proper remedy under the facts alleged, were it held that the attorney's fee sued for constituted costs.

The judgment is affirmed.