## JONES v. McKINNEY.   (No. 8360.)

(Court of Civil Appeals of Texas.    Dallas.
May 22, 1920.    Rehearing Denied
Oct. 9, 1920.)

1. **Justices of the peace** ⬅️44(8)—**Attorney's fee considered in estimating amount in controversy.**

Attorney's fees, expressly contracted for in a note and sought to be recovered in a suit, are a part of the contract, and must be considered in estimating the amount in controversy, in determining the jurisdiction of justice court.

2. **Justices of the peace** ⬅️141(4)—**Jurisdiction of county court on appeal depends on jurisdiction of justice court.**

A county court acquired no jurisdiction on appeal by plaintiff from a justice court judgment in favor of defendant in an action involving more than $200, and the appellate court could acquire no jurisdiction of the case by an appeal by the plaintiff from a judgment in such case in the county court in favor of the defendant.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by J. C. Jones against A. C. McKinney. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

Pope & Young, of Dallas, for appellant.
Woods & Morrow, of Kaufman, and Read, Lowrance & Bates, of Dallas, for appellee.

TALBOT, J.   This suit was originally filed in the justice court, precinct No. 7, of Dallas county, upon a note for $187.50, dated April 5, 1913, together with interest at the rate of 6 per cent. per annum from date, and 10 per cent. attorney's fees, if placed in the hands of an attorney for collection. A judgment having been rendered in the justice court in favor of the defendant, the plaintiff appealed to the county court, and, a like judgment having been rendered in the county court, the plaintiff appealed to this court.

[1, 2] The pleadings of the plaintiff show that he sued to recover the full amount due on the note, principal, interest, and attorney's fees, and the principal and attorney's fees amount to more than $200, namely, $206.25.   The jurisdiction of justices of the peace in civil matters is limited by our Constitution to cases where the amount in controversy is $200 or less, exclusive of interest, and it has been held that, where the suit was upon a note in which the principal debt and 10 per cent. attorney's fees aggregated more than $200, the 10 per cent. attorney's fees was a part of the plaintiff's cause of action, and constituted a part of the amount in controversy.   It is said that, when expressly contracted for and sought to be recovered in a suit on the contract, they are a part of a contract, and must be considered in estimating the amount in controversy, in determining the jurisdiction.   By the note sued upon here the defendant expressly contracted to pay, not only the principal of the debt, but also 10 per cent. of that amount as attorney's fees, and plaintiff seeks, as shown by his pleadings, to recover, as above stated the full amount due on said note. The amount thus sought to be recovered in the justice court was in excess of that court's jurisdiction, and in such case the county court, to which the case was appealed, acquired no jurisdiction, and this court can acquire none by the appeal from the county court.   The claim of plaintiff for the attorney's fees was probably so distinct from the debt that he might, perhaps, have abandoned it; but it does not appear that this was done.   The appeal will therefore be dismissed.   Waters v. Walker (App.) 17 S. W. 1085; Wilson v. Ware, 166 S. W. 705.

Appeal dismissed.