### PROVIDENT LIFE & ACCIDENT INS. CO. v. ADAMS.

### No. 2284.

Court of Civil Appeals of Texas. Beaumont.
Dec. 14, 1932.

Avery & Wallace, of Center, for appellant.
Anderson &. Lewis, of Center, for appellee.

O'QUINN, J.

Appellee sued appellant in the justice court of precinct No. 1 of Shelby county on a health and accident policy issued by appellant to appellee, to recover in the sum of $80 for total disability for one month, together with 12 per cent. penalty, $9.60, and $50 attorney's fee, alleged to be a reasonable fee in suits of this character. Judgment in said court was rendered for appellee for $80 for disability, $9.60 as penalty, and $50 attorney's fee, the same being taxed as costs of suit. The insurance company appealed the case to the county court where the cause was tried to a jury upon special issues, and, upon their answers to said issues, judgment was rendered for appellee in the sum of $40 for disability, $4.80, being 12 per cent. penalty, and $50 attorney's fee, same being taxed as costs of suit. Motion for a new trial was overruled, and the case is before us on appeal.

Appellee has filed motion to dismiss the appeal for want of jurisdiction in this court to hear and determine the matter. This contention is based upon subdivision 2 of article 1819, R. S. 1925. This section provides that the Courts of Civil Appeals shall have appellate jurisdiction in cases "of which the county court has original jurisdiction, or of which the county court has appellate jurisdiction when the amount in controversy or the judgment rendered shall exceed one hundred dollars, exclusive of interest and costs."

■■ Appellee contends that, as the case originated in the justice court, and the amount in controversy, exclusive of interest and costs, was less than $100, and likewise the judgment of the county court on appeal, no appeal lies to this court. Appellant insists that the amount in controversy exceeded $100 because the attorney's fee is a part of the amount in controversy. If this contention is correct, we have jurisdiction, but not so if the attorney's fee should be excluded.

The expression, "The amount in controversy," as used in subdivision 2 of article 1819, supra, means the sum of money or the value of the thing originally sued for, and not the amount of the judgment in the county court on appeal. Gulf, C. & S. F. R. Co. v. Cunnigan, 95 Tex. 439, 441, 67 S. W. 888.

Article 2226, R. S. 1925, provides: "Any person having a valid claim against a person or corporation for personal services rendered; labor done, material furnished, overcharges' on freight or express, lost or damaged freight or express or stock killed or injured, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for the full amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, not to exceed twenty dollars, if represented by an attorney."

The attorney's fee provided for by this statute has been construed to be a part of the amount in controversy. Wichita Val. R. Co. v. Leatherwood (Tex. Civ. App.) 170 S. W. 262, and, therefore, should be considered in determining the amount in controversy for jurisdictional purposes. St. Louis S. W. R. Co. v. Post (Tex. Civ. App.) 220 S. W. 129; Davis v. Fore (Tex. Civ. App.) 250 S. W. 783. The attorney's fee, under this statute, cannot be considered as costs, but to the contrary forms a part of the amount in controversy originally sued for within the statutes fixing the jurisdiction of courts. Houston Packing Co. v. McDonald (Tex. Civ. App.) 175 S. W. 806; Houston & T. C. R. Co. v. Patterson (Tex. Civ. App.) 193 S. W. 691.

Article 4736, R. S. 1925, provides: "In all cases where a loss occurs and the life insurance company, * * * or life and accident, health and accident, or life, health and accident insurance company liable therefor, shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

This statute, like article 2226, supra, allows attorney's fees in the nature of penalties. Neither statute makes the attorney fee taxable as costs of suit, and so under this statute, before its amendment, April 27, 1931, the attorney's fees were a part of the amount in controversy, and were so considered for jurisdictional purposes. But article 4736 was amended by the Forty-Second Legislature (chapter 91, p. 135, Acts Regular Session, 1931 [Vernon's Ann. Civ. St. art. 4736]) by adding to it the provision that "such attorney fee shall be taxed as a part of the costs in the case." The costs of suit never constitute any portion of the "amount in controversy" which is to be considered in determining jurisdiction. We think it plainly manifest that the Legislature, knowing the construction placed on the statutes allowing the recovery of attorney's fees, but not provid-

ing that they should be taxed as costs, in amending the statute, article 4736, and directing that the attorney's fee therein provided should be taxed as costs, intended to take such attorney's fees out of the construction theretofore given the statute, and to make the attorney fee chargeable as costs only and not a part of the amount in controversy.

The attorney's fee not being a part of the amount in controversy, the judgment was not appealable, and the motion to dismiss is sustained.

Appeal dismissed.