### JOHNSON v. UNIVERSAL LIFE & ACCIDENT INS. CO.

#### No. 1149.

Court of Civil Appeals of Texas. Eastland.
Sept. 22, 1933.

Rehearing Denied Sept. 18, 1936.

See, also, 94 S.W.(2d) 1145.

Harry R. Bondies, of Sweetwater, for appellant.

Cox & Hayden, of Abilene, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment denying appellant any recovery against appellee upon a life insurance policy issued to appellant's husband, Buck Johnson, now deceased.

The first question for determination is one of jurisdiction of the trial court. The suit was instituted in the county court. The amount claimed to be due upon the policy was $114.10. Appellant sought an attorney's fee in the amount of $100 and 12 per cent. damages as provided in Revised Statutes, art. 4736, as amended by Acts 42d Leg.1931, c. 91, § 1 (Vernon's Ann. Civ.St. art. 4736). This article, as amended, provides that the attorney's fee shall be taxed as part of the costs in the case. If this fee be not a part of the amount in controversy in the suit, then the county court has no jurisdiction to hear the cause, for the amount claimed on the policy, plus the 12 per cent. damages, totaled less than $200. The question thus presented is whether the amendment directing that the attorney's fee shall be taxed as part of the costs had the effect of excluding such fee from the amount in controversy. It was held by the Beaumont Court in Providence Life & Accident Insurance Co. v. Adams (Tex.Civ.App.) 55 S.W.(2d) 1077, that the amendment had that effect, and that costs did not constitute any portion of the amount in controversy. We find ourselves unable to agree with this decision, and, since this is a case in which our jurisdiction is final, it might be a proper case to certify. However, we shall express our views on the question, and, if on rehearing counsel insist upon our certifying same, we shall then determine the proper course to pursue.

Counsel for appellant has filed an able argument in support of the jurisdiction of the trial court, and we shall adopt portions of that argument as our opinion as follows:

"The value or amount of the matter in controversy is the test of original jurisdiction prescribed by the Constitution for our inferior courts. Const. art. 5, §§ 8, 16, 19.' That term has heretofore been construed by the courts to mean and to include statutory attorneys fees. (Wichita Valley R. Co. v. Leatherwood [Tex.Civ. App.] 170 S.W. 262, Provident Life & Accident Ins. Co. v. Adams [Tex.Civ.App.] 55 S.W.(2d) [1077], 1078, Lane v. General Accident Ins. Co. [Tex.Civ.App.] 113 S.W. 324). Hence if we concede that the effect of the provision in amended article 4736 that 'attorney fee shall be taxed as part of the costs in the case' is to lift that item out of the matter in controversy, the construction placed by the courts upon the Constitution provision will be abrogated." * * *

"If the attorneys fees provided for in the statute are found by the courts to meet the Constitutional test, they must be considered in determining jurisdiction, notwithstanding the fact that amended article 4736 says they shall be taxed as costs. That is to say, if, in their nature, attorneys fees are found to classify as a matter in controversy, such nature is not changed by reason of the fact that the Legislature has said they shall be taxed as costs—they remain a part of the 'value or amount of the matter in controversy', and must be considered for jurisdictional purposes."

"To ascertain the value or amount of the matter in controversy we must know the issues and rights at stake. An issue has been defined by our Supreme Court as being 'the question in dispute between parties to an action'. (Freeman v. McAninch [87 Tex. 132], 27 S.W. 97, 98 [47 Am. St.Rep. 79]). Does the definition of an issue apply to the attorneys fees in suit on a policy of life insurance under article 4736? An issue must be pleaded. (Freeman v. McAninch, supra). Attorneys fees must be pleaded. To be an issue the question must be in dispute. Attorneys fees are always in dispute. Being in dispute, an issue must be proven. Attorneys fees must be proven. None of the elements of an issue are missing in claim to

attorneys fees under the statute. The fact that they are allowed by statute can make them none the less an issue. Many issues in a law suit rest upon rights given by statute. The attorneys fees allowed on an insurance policy are close kin to a contractual right. Necessarily they were in contemplation of the parties when the policy was issued, and they became an inchoate right at that time, by virtue of the statute and policy, subject to controversy." * * *

"But finally we must admit the Legislature has not said in amended article 4736 that attorneys fees should not be deemed as in controversy in a suit. It has not said that, in ascertaining the amount in controversy, for jurisdictional purposes, the attorneys fees shall not be considered. It has merely said the attorneys fees shall be taxed as part of the costs. Neither the Constitution nor the statutes, in fixing the original jurisdiction of our inferior courts, say that costs shall not be considered as part of the amount or matter in controversy. Article 5, §§ 8, 16, 19, Const.; articles 1906, 1949, 2385, Revised Statutes. Therefore, even though the Legislature has said they shall be taxed as costs, the courts may, without conflict therewith, say they shall be considered as part of the amount in controversy. The statute can stand as not in contravention of any provision of the Constitution, and yet the attorneys fees be held by the courts as part of the amount in controversy. Every good reason requires that they should be so held."

We shall not write upon all of the assignments. Probably through inadvertence, some vital evidence was not introduced upon the trial, and most of the questions presented this time doubtless will not arise upon another trial. We shall, therefore, discuss only those assignments upon which we shall order a reversal of the judgment and a retrial of the cause.

■ Bill of exceptions No. 1 discloses that one of the attorneys for appellee, in his argument to the jury, referred to the policy in suit and made claim that a certain part of it had been introduced in evidence. Counsel for appellant took issue with him and claimed that such portion had not been introduced in evidence. An appeal was made to the court to determine the issue, and the court ruled that it had not been introduced. Thereupon appellee's attorney, in the presence and hearing of the jury, turned to plaintiff's attorney and said: "Are you willing for me to introduce the whole policy in evidence now?" to which appellant's attorney answered, "No." The appellee's attorney then addressed the jury as follows: "Well, if that is the way he wants to keep evidence from you, all right, but if he will keep one part of the evidence from you, he will keep more of it." Exception to this argument was duly made. Appellant's attorney had the right to invoke for his client the established rules of procedure and owed no duty to agree to the introduction of evidence after both sides had closed. It was manifestly improper and prejudicial to inform the jury that he was keeping evidence from them, and to draw the inference therefrom that he had kept other evidence from them. McMahan v. City of Abilene (Tex.Civ. App.) 8 S.W.(2d) 554.

■ Bill of exceptions No. 3 recites that one of the attorneys for appellee in his argument to the jury "without provocation and outside of the record said, 'the reason Ada does not remember signing the claimants statement and receipt and the reason she denies signing them is she was told before coming into this courtroom not to know anything when she was under cross examination' to which plaintiff objected as being outside of the record, that it reflected upon plaintiff's counsel and served to create a prejudice against plaintiff." This argument was patently improper and prejudicial.

For the reasons above assigned, the judgment of the trial court is reversed, and the cause remanded.

LESLIE, J., not sitting.