## ADA JOHNSON v. UNIVERSAL LIFE & ACCIDENT INSURANCE COMPANY.

No. 6583. Decided June 3, 1936.
(94 S. W., 2d Series, 1145.)

436

*Harry Bondies,* of Sweetwater, for appellant.

*Cox & Hayden,* of Abilene, for appellee.

The court having submitted to the jury only two disputed questions, namely; whether or not appellant signed the settlement agreement, and the amount of the attorney's fees, and the jury having answered the first question in favor of appellee, the other question became immaterial, and the court rendered the proper judgment in the case. Great So. Life Ins. Co. v. Heavin, 39 S. W. (2d) 851; Ferguson v. Ragland, 243 S. W., 721.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals, Eleventh District, at Eastland, certifies the following question, viz.:

"In a suit upon a life insurance policy where an attorney's fee is claimed in plaintiff's petition as provided for in Art. 4736, as amended in 1931, should the amount of such claimed attorney's fee be regarded, for jurisdictional purposes, as a part of the amount in controversy in the suit?"

It appears from the accompanying statement that this suit was instituted in the County Court of Nolan County by appellant Ada Johnson on a policy of life insurance issued to her husband, Buck Johnson, now deceased, in which policy she was named as beneficiary. The amount claimed to be due upon the policy was $114.10. Appellant sought an attorney's fee of $100.00 and 12% damages as provided in Revised Statutes, Art. 4736, as amended by the 42nd Legislature, 1931, Page 135, Chapter 91. The amount in controversy, excluding the attorney's fee, is less than $200.00, but including such fee is more than $200.00.

OPINION.

Until amended by act approved April 27, 1931 (Chap. 91, Gen. Laws 42 Leg.) Art. 4736, Rev. Stat. 1925, provided that on failure of an insuring life insurance company to pay a loss within thirty days after demand therefor, it shall be liable to pay the holder of such loss policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss, together with reasonable attorney's fees for the prosecution and collection of such loss.

The amendment adds thereto the following: "Such attorney fee shall be taxed as a part of the costs in the case. The court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy."

■ The antecedent statute has been repeatedly upheld. Union Central Life Ins. Co. v. Chowning, 86 Texas, 654; Connecticut Gen. Life Ins. Co. v. Bertrand, 65 S. W. (2d) 279, Com. App.

The reasonableness of attorney's fees in an insurance case is a question of fact to be determined and must be supported by competent evidence and may be submitted to a jury. Connecticut Gen. Life Ins. Co. v. Bertrand, 47 S. W. (2d) 631, affirmed 65 S. W. (2d) 279; Norwood v. Washington Fid. Insurance Co., 16 S. W. (2d) 842. The amount thereof must be plead to entitle a recovery therefor and is a part of the general recovery sought, whether under the original statutory provision or under the amendment of 1931—the latter being more explicit on the subject in requiring the court to take into consideration all benefits to the insured incident to the prosecution of the suit. It therefore enters into and becomes a part of the amount sued for.

The attorney's fee, when recoverable, goes to the insured and is part of his recovery.

■ By the term "costs" is generally understood the fees or compensation fixed by law collectible by the officers of court, witnesses and such like items, and does not ordinarily include attorney's fees which are recoverable only by virtue of contract or statute. 11 Texas Jur., p. 320; People v. Nat'l Surety Co., 276 U. S., 238, 72 L. Ed., 547, 48 Sup. Ct., 239.

It will be noted that the amendment of 1931 does not change the right to recover attorney's fees, but only says that they shall be *taxed* as part of the costs. Of course, when collected, either by execution as to the main judgment into which they become merged, or with the ordinary costs of suit, they belong to the plaintiff, and the result is the same.

■ The amended act does not say that in ascertaining the amount in controversy, for jurisdictional purposes, the attorney's fees shall not be considered. They remain a part of the value or amount in controversy for jurisdictional purposes. It was always so held. Wichita Valley R. Co. v. Leatherwood, 170 S. W., 262; St. Louis S. W. R. Co. v. Post, 220 S. W., 129; Davis v. Fore, 250 S. W., 783; Houston Packing Co. v. McDonald, 175 S. W., 806; Houston & T. C. Ry. Co. v. Patterson, 193 S. W., 691.

Exclusive original jurisdiction of the County Court in civil cases includes matters in controversy exceeding in value two hundred dollars and not exceeding five hundred dollars, exclusive of interest. Const. Art. 5, sec. 16; Art. 1949, Rev. Stat. 1925.

A necessary issue in controversy here, is the question whether plaintiff is entitled to an attorney's fee under the statute, and if so, in what amount; these are questions in dispute between parties, properly raised by the pleadings. 33 C. J., p. 827 (20).

The plaintiff had the right to try this issue before a court of competent jurisdiction and the amount claimed in the petition determines the amount in controversy (11 Texas Jur., p. 739), which, in this case, including the attorney's fees, exceeds two hundred dollars, and does not exceed five hundred dollars, exclusive of interest.

In Missouri State Life Ins. Co. v. Jones, 200 U. S., 199, 78 L. Ed., 267, 54 Sup. Ct., 133, the court passing upon a statute of the State of Arkansas, similar to the one here involved, which allowed an attorney's fee to be taxed as part of the

costs, said: "In the state court the present respondent sought to enforce the liability imposed by statute for his benefit—to collect something to which the law gave him a right. The amount so demanded became part of the matter put in issue by the complaint and not mere 'costs' excluded from the reckoning by the jurisdiction and removal statutes," and in People v. Nat'l Surety Company, 276 U. S., 238, that "the direction that the added liability be included in the judgment as costs does no more in substance than * * * that the insurance company shall be liable to pay all reasonable attorney's fees, or * * * that the attorney's fees shall be added to the judgment."

The holding by the Court of Civil Appeals, Ninth District, at Beaumont (Provident Life & Acc. Co. v. Adams, 55 S. W. (2d) 1077) that attorney's fees as here under discussion, are not a part of the amount in controversy, is not in accord with this opinion and to that extent, is disapproved.

We answer "Yes" to the question certified.

Opinion adopted by the Supreme Court June 3, 1936.