## NATIONAL LIFE & ACCIDENT INS. CO. v. HALFIN.

### No. 9886.

Court of Civil Appeals of Texas. San Antonio.

Oct. 28, 1936.

Rehearing Granted Dec. 9, 1936.

Crain & Vandenberge and John G. Stofer, all of Victoria, for appellant.

W. L. Edwards and F. C. Proctor, both of Victoria, for appellee.

998

MURRAY, Justice.

Appellee, Willie Mae Halfin, instituted this suit in the county court of Victoria county against appellant, National Life & Accident Insurance Company, seeking to recover the sum of $150, as the face value of an insurance policy issued by appellant on the life of one John Lott, together with a 12 per cent. penalty and attorney's fees in the sum of $100.

The trial was to a jury and resulted in judgment for appellee in the following amounts:

| | |
|---|---|
| Face of Policy | $150.00 |
| 12% Penalty | 18.00 |
| Attorney's fees | 75.00 |
| Total | $243.00 |

From this judgment the Insurance Company has appealed.

Appellant, by its first proposition, challenges the jurisdiction of the county court, and in turn the jurisdiction of this court. It is clear that, unless the amount of the attorney's fees sued for is to be regarded as a part of the sum in controversy, the county court did not have jurisdiction.

■ Article 4736, R.S.1925, as amended by Acts 1931, c. 91, § 1 (Vernon's Ann.Civ. St. art. 4736), provides for the recovery of attorney's fees in this character of a case, but further provides that same shall be taxed as a part of the costs in the case. Costs are never regarded as a part of the amount in controversy.

Appellant's contention is supported by two Courts of Civil Appeals opinions, to wit: First Texas Prudential Ins. Co. v. Pipes, 56 S.W.(2d) 203; Provident Life & Accident Ins. Co. v. Adams, 55 S.W.(2d) 1077.

■ However, this question has been recently certified to the Supreme Court and answered by the Commission of Appeals, speaking through Judge Ryan, in Johnson v. Universal Life & Accident Ins. Co., 94 S.W.(2d) 1145.

The question submitted is as follows: "In a suit upon a life insurance policy where an attorney's fee is claimed in plaintiff's petition as provided for in art. 4736, as amended in 1931 (Vernon's Ann.Civ.St. art. 4736), should the amount of such claimed attorney's fee be regarded, for jurisdictional purposes, as a part of the amount in controversy in the suit?"

The answer was "Yes." See, also, Johnson v. Universal Life & Accident Ins. Co. (Tex.Civ.App.) 96 S.W.(2d) 674.

■ Appellant has not made any statement or argument under his other assignments of error, and they are therefore regarded as abandoned and are overruled. Rule 29 for the Courts of Civil Appeals. 142 S.W. xii.

Our opinion hereinbefore delivered and the judgment thereon will be set aside, appellee's motion for a rehearing granted, and the judgment of the trial court affirmed.