ing to set aside an order approving a compromise is not an order denying compensation; (4) that such order of approval can only be set aside in a court of competent jurisdiction; (5) that until so set aside the board has no jurisdiction to entertain a claim for compensation; (6) that the court upon setting aside such order has no jurisdiction to award compensation, but claimant is thereupon relegated to the board; and (7) that the power of the courts to set aside such order for fraud is derived not from the Workman's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.), but from their general equity jurisdiction.

The exact question here presented was ruled adversely to appellee's assertion of proper venue in Tom Green county in Benson v. Travelers' Ins. Co. (Tex.Civ. App.) 40 S.W.(2d) 966 (error dis.).

The order appealed from is set aside, the plea of privilege is sustained, and the cause remanded to the trial court with instructions to change the venue to Tarrant county.

Order set aside, cause remanded, with instructions.

C. C. Jopling, of La Grange, for appellant.

McCLENDON, Chief Justice.

The only question the appeal presents is whether the statutory attorney's fee recoverable under R.C.S. art. 4736, as amended by Acts 1931, c. 91 (Vernon's Ann.Civ.St. art. 4736), constitutes a part of the amount in controversy in determining the jurisdiction of the court. The suit originated in the justice court, and including the attorney's fee claimed ($75) or recovered ($50) the amount in controversy ($271) and recovered ($246) exceeded the justice court's jurisdiction ($200). The exact point was decided in Johnson v. Universal Insurance Company (Tex.Com.App.) 94 S.W.(2d) 1145, wherein it was held that such attorney's fee was a part of the amount in controversy for jurisdictional purposes.

The trial court's judgment is reversed, and the cause dismissed, without prejudice to appellee's right to bring suit in the proper forum.

Reversed and cause dismissed.

## NATIONAL LIFE & ACCIDENT INS. CO. v. MOORE.

### No. 8494.

Court of Civil Appeals of Texas. Austin.

April 14, 1937.

## WILDER v. COX et al.

### No. 8418.

Court of Civil Appeals of Texas. Austin.

March 29, 1937.

Rehearing Denied April 28, 1937.

