## CHAISON v. MARYLAND CASUALTY CO.

### No. 3128.

Court of Civil Appeals of Texas.
Beaumont.

May 6, 1937.

Howell C. Happ, of Beaumont, for appellant.

Victor E. Ippolito and Smith, Smith & Boyd, all of Beaumont, for appellee.

WALKER, Chief Justice.

This case originated in justice court with appellee, Maryland Casualty Company, as plaintiff, and appellant, Charles J. Chaison, as defendant. The amount sued for was the principal sum of $176.10 and "reasonable attorney's fees in the sum of $50.-00." Appellee recovered in justice court the principal sum and $25 as reasonable attorney's fees. On trial de novo in county court appellee again recovered the principal sum of $176.10 and $50 as reasonable attorney's fees.

Neither the justice court nor the county court had jurisdiction of this case. The attorney's fee sued for was part of the amount in controversy, making an amount beyond the jurisdiction of the justice court. Johnson v. Universal Life & Accident Ins. Co. (Tex.Com.App.) 94 S. W.(2d) 1145; Id. (Tex.Civ.App.) 96 S.W. (2d) 674; American Nat. Ins. Co. v. Mays (Tex.Civ.App.) 97 S.W.(2d) 975. The cases cited deny appellee's contention that the attorney's fee sued for was "part of the costs".

Since the justice court did not have jurisdiction of the amount in controversy, the county court did not acquire jurisdiction by appeal. Bankers' Health & Accident Co. v. Kimbro (Tex.Civ.App.) 62 S.W.(2d) 262.

It follows that the judgment appealed from must be reversed and the case dismissed, and it is so ordered.

Reversed and dismissed.