## WASHINGTON NAT. INS. CO. v. GUADALUPANA FUNERAL HOME et al.

### No. 3190.

Court of Civil Appeals of Texas. Beaumont.

Nov. 28, 1937.

Rehearing Granted Nov. 10, 1937.

G. Woodson Morris, of San Antonio, for appellant.

Claud J. Carter, of San Antonio, for appellees.

WALKER, Chief Justice.

This suit was instituted in justice court, precinct No. 1, Bexar county, by appellees, Guadalupana Funeral Home, et al., against appellant, Washington National Insurance Company, to recover $150 on an insurance policy, 12 per cent. damages, and $100 as attorney's fees. On trial in justice court appellees recovered judgment against appellant for $150, 12 per cent. penalty in the sum of $18, and $50 as attorney's fees, and interest. Appellant duly prosecuted its appeal to the county court at law No. 2, of Bexar county where, on the 19th day of October, 1936, on trial to the court without jury, judgment was rendered for appellees against appellant for $150, 12 per cent. penalty in the sum of $18, and $75, making "a total of $243 with interest thereon at six per cent per annum from the 21st day of October, A. D. 1936, together with all costs expended." Appellant duly prosecuted its appeal to the San Antonio Court of Civil Appeals; the case is before us on order of transfer by the Supreme Court.

The amount in controversy was beyond the jurisdiction of the justice court; since the justice court did not have jurisdiction, the county court did not acquire jurisdiction by appeal. This very point was before this court in Chaison v. Maryland Casualty Company, 105 S.W.(2d) 376. In that case we brought forward the authorities supporting this conclusion.

Appellees rely upon Provident Life & Accident Insurance Co. v. Adams (Tex. Civ.App.) 55 S.W.(2d) 1077, and Watchtower Mutual Life Insurance Company v.

Davis (Tex.Civ.App.) 99 S.W.(2d) 693, and authorities therein cited. These cases are in conflict with the Commission of Appeals in Johnson v. Universal Life and Accident Insurance Company, 127 Tex. 435, 94 S.W. (2d) 1145.

It follows that the judgment appealed from must be reversed and the cause dismissed, and it is so ordered.

Reversed and dismissed.