## NATIONAL LIFE & ACCIDENT INS. CO. OF NASHVILLE, TENN., v. MOORE.

### No. 8701.

Court of Civil Appeals of Texas. Austin.

June 1, 1938.

Rehearing Denied June 15, 1938.

C. C. Jopling, of La Grange, for appellant.

I. N. Jett, of Smithville, for appellee.

McCLENDON, Chief Justice.

Suit upon two life insurance policies for $100 and $70, respectively. Appellee, Dewey Moore (plaintiff below), was the beneficiary in each policy; Rosie Moore, his deceased wife, the insured; and appellant, insurance company (defendant below) the insurer. This is the second appeal of the case. Tex.Civ.App., 104 S.W.2d 897. The suit was first brought in the justice court, and appealed to the county court where judgment was rendered for plaintiff for $246, which included $50 attorney's fee authorized under R.C.S. Art. 4736, as amended by Acts of 1931, c. 91, § 1, Vernon's Ann. Civ.St. art. 4736. Following Johnson v. Insurance Co., 127 Tex. 435, 94 S.W.2d 1145, this court reversed that judgment and dismissed the suit without prejudice, because the amount in controversy exceeded the jurisdiction of the justice court. The suit was then brought in the county court, and tried without a jury, resulting in a judgment in favor of plaintiff for $170, the face of the two policies. The instant appeal is by defendant from this judgment.

The policies were issued August 6, 1934, and insured died October 20, 1934. The insurance company defended on the grounds: (1) that insured was not in good health when the policies were delivered; (2) that she had made false and fraudulent statements in the applications, or policies that she had never been afflicted with heart disease; and (3) like statements as to cancer of the uterus. Appellant presents ten assignments of error to the effect that the evidence: (1) conclusively, as a matter of law; and (2) factually by its overwhelming weight, established each of these defenses. We have carefully perused the entire statement of facts and conclude that while the evidence is highly conflicting none of these assignments is well taken. We pretermit a detailed statement and analysis of the evidence for the reason that the jurisdiction of this court is final, and the questions thus presented are not important to the jurisprudence of the state.

Error is assigned upon the refusal of the court to allow appellant's attorney to show that shortly before the death of insured appellee presented to him a claim for sick benefits under one of the policies, which contained the statement by a physician that insured was then suffering with cancer of the uterus. This was offered as impeaching testimony, appellee having testified that he had no knowledge of such affliction prior to the death of insured. The testimony was excluded on the ground that the proffered testimony constituted a privileged communication, in that at that time appellee was consulting the attorney (not

then in appellant's employ) professionally. 44 Tex.Jur. p. 1061, § 93. The evidence on this issue of such professional relationship was conflicting; but since the case was tried without a jury, the court's ruling thereon was conclusive.

We are further of the view that the assignment is without merit for two reasons:

1. The bill of exceptions urging the point was not embodied in the transcript nor certified by the clerk. What purports to be an original bill was filed with the transcript.

2. Exclusion of the evidence was harmless for the following reasons: The claim to which the physician's signature was appended was dated October 15, 1934, just five days before insured's death. This physician was the only witness who testified that insured had this malady, and he also testified that it must have existed for more than a year. He had, however, signed two previous sick benefit claims under the policy, one dated September 29th, the other October 5, 1934, in each of which he stated that insured was suffering from pernicious anemia, and was not afflicted with any other disease. Whether appellee knew between October 15th and 20th that this physician was asserting that his wife was afflicted with cancer was not material to any fact issue in the case. It was only admissible as impeaching evidence. The issue, in so far as concerns cancer, was whether it existed at all. The evidence on this issue was conflicting. The doctor's testimony thereon was before the court, and was manifestly rejected on the ground, no doubt, that the physician had not found such malady on the two previous examinations, the latter of which was just fifteen days prior to insured's death, and the further fact that a number of witnesses testified to facts which negatived the existence of such malady. Under these circumstances we conclude that exclusion of the evidence had no material bearing upon the result of the suit.

The remaining assignment is manifestly without merit. It complains of admission of the policies in evidence because their surrender to appellant "was a condition and a prerequisite of the defendant's promise to pay * * * according to the terms of the contracts of insurance." Having denied liability upon the policies, appellant was not entitled to their surrender. They were filed in the trial court, and the judgment is full protection against appellant's further liability thereon.

Since no cross-assignment was presented upon the failure of the trial court to include the statutory penalty and attorney's fee in the judgment, we have no jurisdiction to consider that issue. 3 Tex. Jur. p. 874, § 610.

The trial court's judgment is affirmed.

Affirmed.