**H. L. DE BUSK, Appellant,**

v.

**A. E. QUEST et al., Appellees.**

No. 6599.

Court of Civil Appeals of Texas.
Amarillo.

April 23, 1956.

Rehearing Denied May 21, 1956.

H. L. DeBusk, Lubbock, for appellant.

Burks & Brown, Lubbock, for appellees.

PITTS, Chief Justice.

This is an appeal from a judgment awarding appellees, A. E. Quest, Senior, and sons, A. E. Quest, Junior, and Ralph Quest, the sum of $170 together with interest thereon and attorney fees in the sum of $50 as against appellant, H. L. DeBusk. Appellees pleaded in effect that for a consideration of $170 appellant placed an order with them for certain awnings, to be especially made according to appellant's furnished measurements and specifications for his residence; that appellees accepted the order, furnished the labor and material and manufactured the said awnings in accordance with appellant's order and specifications, delivered the same and began the installation thereof on appellant's house when they were forbidden by appellant's wife to complete the installation, at which time appellees were advised by appellant's wife that the awnings were not made according to the order given and would not be accepted by appellant; that the awnings were made as ordered specifically for appellant's house and were therefore of no

value to appellees or to other purchasers but were being held by appellees subject to appellant's instructions; that prior notice of more than 30 days had been given, demand for payment had been made but payment refused by appellant, for which reasons appellees filed suit upon a verified account for the sum of $170 together with a $50 attorney fee, all based upon the original alleged sale agreement between the parties, as authorized by Article 3736, Vernon's Annotated Civil Statutes as amended and superseded by Rule 185, Texas Rules of Civil Procedure, and by Article 2226 as amended in 1953.

Appellant answered with special exceptions and a verified general denial and he also pleaded that he had little to do with the transactions himself but supported his wife in her contentions made and thus joined issues with appellees and further pleaded that the transactions were based upon an oral contract between the parties for a consideration of $170 which he alleged would not support a verified account.

After certain matters hereinafter stated were stipulated and agreed to by and between the parties with the approval of the trial court and after the evidence was heard, the question in effect of whether or not the said awnings were furnished by appellees to appellant in accordance with the agreement between the parties was submitted to a jury without objections of either party and the jury found against appellant to the effect that such awnings were furnished by appellees in accordance with the agreement of the parties and in compliance with appellant's specifications furnished to appellees. Based upon the jury verdict and the agreement and stipulations of the parties to the effect that $50 was a reasonable attorney fee for appellees, that the account sued upon and the demand for payment thereof had been made by appellees to appellant and refused more than 30 days prior to filing the suit and that by oral contract of the parties the awnings in question were to be furnished appellant by appellees at a cost of $170, the trial court rendered judgment against appellant and for appellees for the sum of $170 together with interest and attorney fees in the sum of $50.

■ Appellant perfected an appeal from the trial court's judgment and predicates the same upon 12 separate and distinct abstract "Propositions" of law or conclusions of fact, some of which are in no way related to each other and some of which are conditionally stated. Nowhere does appellant charge in such "Propositions" that an error of any kind was committed by the trial court. In his brief he seeks to group and to brief or discuss the "Propositions" jointly and all of them together in a very limited way. It has been held that separate and distinct points of error concerning matters not related to each other cannot be grouped in briefing for presentation on appeal. Outlaw v. Bowen, Tex.Civ.App., 285 S.W.2d 280, and other authorities there cited. In our opinion to change the designation of assignments from points of error to "Propositions" in briefing will not excuse the party doing the briefing from observing the rules governing such. A point of error should be concisely stated directing the court's attention to the error relied upon for a reversal. Rule 418. Such points are an indispensable part of a brief. Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072, affirmed 140 Tex. 577, 169 S.W.2d 478. Mere abstractions presented as points violates the provisions of Rule 418, Clark v. Cohen, Tex.Civ.App., 205 S.W.2d 797. To entitle a point to be considered there must be an assignment of error. Johnson Aircrafts v. Wilborn, Tex.Civ.App., 190 S.W.2d 426.

It appears from the record that the parties stipulated and agreed to most of the controlling issues joined in the pleadings, leaving only one controversial matter to be settled and the jury decided that against appellant. He does not attack the jury finding in any manner. In fact, he has not brought upon appeal a statement of facts but is relying on the record otherwise for a reversal. In a summation of appellant's complaints presented, we find at least two matters of interest.

■ He has challenged the jurisdiction of the County Court at Law under a claim that the amount in controversy was less than $200 and that in reality the judgment was rendered for only $170, giving only the Justice Court jurisdiction. Such a claim is refuted by the provisions of both the law and the State Constitution. Sections 2 and 3 of Article 1970–340 as amended in 1950 give the County Court at Law of Lubbock County concurrent jurisdiction in all cases over which the Lubbock County Court has jurisdiction and likewise give the County Court at Law of Lubbock County original concurrent jurisdiction with the Justice Courts in all civil matters conferred upon the Justice Courts by the General Laws of the State. Articles 1970–209 through 1970–213 likewise give the County Court of Lubbock County original concurrent jurisdiction with the Justice Courts in all civil matters conferred upon the Justice Courts by the General Laws of the State. Since the County Court at Law has concurrent jurisdiction with the County Court, the provisions of these articles apply to it as well as to the County Court. Under these valid provisions of the law, the trial court had jurisdiction over the subject matter involved. However, it likewise had jurisdiction under the provisions of the State Constitution as construed by the Texas Courts. Section 19 of Article V of the State Constitution, Vernon's Ann. St. gives Justice Courts jurisdiction (but not exclusive jurisdiction) of civil matters of all cases involving $200 or less, exclusive of interest. Section 16 of Article V of the State Constitution gives the County Courts exclusive jurisdiction in all civil cases involving matters of the value of $200 or more, not to exceed $500. In construing the latter provision, the courts of Texas have held that an attorney fee sued for, in a case such as the one at bar is part of the "amount in controversy" when the principal sum sued for is less than $200, and that the County Court has jurisdiction when the principal amount sued for, together with the additional amount of attorney fees sued for, exceeds $200. Houston Packing Co. v. McDonald, Tex.Civ. App., 175 S.W. 806; St. Louis, B. & M.

Ry. Co. v. Knowles, Tex.Civ.App., 171 S.W. 245 and Tex.Civ.App., 180 S.W. 1146; National Life Ins. Co. of U.S.A. v. Mouton, Tex.Civ.App., 242 S.W. 782; Johnson v. Universal Life & Accident Ins. Co., Tex. Civ.App., 96 S.W.2d 674, and other authorities there cited. The amount in controversy in the suit at bar, exclusive of interest, was $170 for the awnings, together with $50 attorney fee, all of which was awarded to appellees, making a total of $220 which exceeded $200 and thus gave the trial court jurisdiction over the subject matter under any or all of the provisions of the law and Constitution herein cited.

■ Appellant further charges in effect that under the provisions of Article 3736, appellees can not legally recover upon a verified account based upon an oral contract which resulted from one transaction. Until Article 3736 was amended, it was given the construction here contended for by appellant and then supported by the case of McCamant v. Batsell, 59 Tex. 363, cited by appellant, and other old authorities also cited by appellant. But Article 3736 pertaining to verified accounts has since been broadened by amendment shown since March 1, 1950, in Rule 185, Texas Rules of Civil Procedure, so as to include the following language:

"* * * or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, * * *."

As amended, it now appears that the language used would cover an account such as is here presented. It has been held that usually the essential elements involved in such an account are (1) transactions between the parties which give rise to an indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixing the amount; and (3) a promise, express or implied, by the one to

be charged, to pay such indebtedness. Glasco v. Frazer, Tex.Civ.App., 225 S.W.2d 633, and other authorities there cited. Such elements have been in effect pleaded by the parties in the instant case and, in the absence of a statement of facts, we must assume that the evidence introduced established such elements to the satisfaction of the court and jury, particularly in support of the controverted matter not agreed to by stipulation of the parties.

 Appellant further claims that appellees did not plead a contract between the parties. Appellees pleaded an order by appellant for the awnings at a specified price and in accordance with specifications furnished by appellant and an acceptance of the order by appellees, with such awnings furnished by them. We believe such, in effect, constitutes an oral contract or agreement between the parties. However, in any event, appellant admits that he unquestionably pleaded an oral contract between the parties and it has been held by this Court that:

"Where a cause of action is defectively stated in [plaintiff's] petition, such defect may be cured by allegations of defendant's answer." Barton v. Flanagan, 25 S.W.2d 947, 948, and other authorities there cited.

It has likewise been held by this Court that a deficiency of plaintiff's pleadings may be supplied by defendant's pleadings in support of a judgment and appellate courts will not interfere if such be the case. Lindsey v. Lindsey, Tex.Civ.App., 228 S.W.2d 878, and other authorities there cited.

According to the agreed stipulations of the parties they entered into a bona fide agreement based upon a valuable consideration as reflected by the pleadings, and the jury found in effect that appellees lived up to the terms of the agreement. It appears to us that the trial court had jurisdiction of the parties and of the subject matter. Its judgment is regular in all essential respects upon its face and it is one the trial

court had power to render under the pleadings and presumably under the evidence. In our opinion, the trial court was justified in rendering judgment for appellees upon the agreed stipulations of the parties and the jury verdict. Appellant's points of error, complaints or propositions to the contrary are all overruled and the judgment of the trial court is affirmed.