

# The Attorney General of Texas

December 30, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Frank Tejeda
Chairman
Committee on Judicial Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-409

Re:  Whether court costs and
attorney fees may be excluded
in determining the "amount in
controversy" in justice and
county courts

Dear Representative Tejeda:

The statutes which establish the amount in controversy for juris-
dictional purposes in civil cases in county courts and justice courts,
articles 1949 and 2385, V.T.C.S., respectively, presently fix a
minimum and maximum dollar amount in controversy and specify that the
amount shall be "exclusive of interest." You ask whether the Texas
Constitution permits the legislature to amend articles 1949 and 2385
to exclude court costs and attorney fees from the determination of the
amount in controversy.

County courts which are created by the Texas Constitution and
justice courts have a jurisdictional amount in controversy which is
set by articles 1949 and 2385 in accord with the Texas Constitution.
See Tex. Const. art. V, §16 (county courts); §19 (justice courts). In
contrast, the jurisdictional amount in controversy for statutory
county courts depends upon the language of the statutes which create
the particular courts. See Amigo Helicopters, Inc. v. Jones, 488
S.W.2d 473 (Tex. Civ. App. - Houston [14th Dist.] 1972, no writ).
Both section 16 and section 19 of article V specify certain minimum
and maximum jurisdictional amounts that shall be determined "exclusive
of interest." As indicated, articles 1949 and 2385 expressly echo
this language. You ask whether these articles may be amended to read
"exclusive of interest, costs, and attorney fees."

As presently interpreted pursuant to these provisions, the juris-
dictional amount in controversy in both types of courts does not
include costs. Costs have traditionally been deemed to be no part of
the amount in controversy in litigation and have not been considered
in determining the jurisdiction of the courts. National Life and
Accident Insurance Co. v. Halfin, 99 S.W.2d 997 (Tex. Civ. App. - San
Antonio 1936, no writ). For these reasons, the legislature may
clearly codify existing law with regard to court costs by amending
articles 1949 and 2385 to specify that court costs shall not be

considered in computing the amount in controversy. See V.T.C.S. art. 1 (legislature may codify or change common law).

The term "costs" does not ordinarily include attorney fees; there is no common-law right to recover attorney fees from an opponent in litigation as a part of costs. See Johnson v. Universal Life and Accident Insurance Co., 94 S.W.2d 1145 (Tex. 1936); see also New Amsterdam Casualty Co. v. Texas Industries, Inc., 414 S.W.2d 914 (Tex. 1967); Bakery Equipment and Service Co. v. Aztec Equipment Co., 582 S.W.2d 870 (Tex. Civ. App. - San Antonio 1979, no writ); Norman v. Safway Products, Inc., 404 S.W.2d 69 (Tex. Civ. App. - Dallas 1966, no writ). Attorney fees may be recovered only when a valid basis exists for claiming attorney fees either by statute or contract. See New Amsterdam Casualty Co. v. Texas Industries, Inc., supra. There is a divergence among the states as to whether attorney fees which are recoverable as a matter of law are to be used in computing the amount in controversy absent a statute which makes such fees expressly excluded from the jurisdictional amount. See Annot., 167 A.L.R. 1243, 1247 (1947). It is well settled in Texas that when attorney fees are provided for by statute or contract, a demand for attorney fees in a petition constitutes a part of the amount in controversy in civil cases in both county and justice courts, and is considered in determining such amount for jurisdictional purposes. Long v. Fox, 625 S.W.2d 376, 378 (Tex. Civ. App. - San Antonio 1981, writ ref'd n.r.e.) (county court); see National Life and Accident Insurance Co. v. Moore, 104 S.W.2d 897 (Tex. Civ. App. - Austin 1937, no writ) (statutory attorney fees in justice court); Jones v. McKinney, 224 S.W. 720 (Tex. Civ. App. - Dallas 1920, no writ) (contractual attorney fees in justice court).

The courts in Texas have traditionally treated attorney fees as different in nature from costs. Contractual attorney fees have been considered a part of the amount in controversy as an element of damages. Similarly, statutes which provide for attorney fees create a new cause of action or a new part of a cause of action. A long line of cases has held that attorney fees constitute a part of the amount in controversy despite statutory provisions which indicate that attorney fees shall be taxed as costs, but these cases do not state that the legislature may not constitutionally exclude attorney fees from the jurisdictional amount. See, e.g., United States Finance Corp. v. Quinn, 149 S.W.2d 148 (Tex. Civ. App. - Galveston 1941, writ dism'd w.o.j.); East Texas Title Co. v. Parchman, 116 S.W.2d 497 (Tex. Civ. App. - Texarkana 1938, writ dism'd w.o.j.); Washington National Insurance Co. v. Guadalupana Funeral Home, 109 S.W.2d 1002 (Tex. Civ. App. - Beaumont 1937, no writ); Chaison v. Maryland Casualty Co., 105 S.W.2d 376 (Tex. Civ. App. - Beaumont 1937, no writ); National Life & Accident Insurance Co. v. Moore, 104 S.W.2d 897 (Tex. Civ. App. - Austin 1937, no writ); National Life & Accident Insurance Co. v. Halfin, 99 S.W.2d 997 (Tex. Civ. App. - San Antonio 1936, no writ); Callaway v. Gulf States Life Insurance Agency, 51 S.W.2d 1070 (Tex. Civ. App. - El Paso 1932, no writ); see also Provident Insurance Co.

v. Browning, 157 S.W.2d 971 (Tex. Civ. App. - Eastland 1941, no writ); Reid v. Ramsey, 143 S.W.2d 793 (Tex. Civ. App. - Waco 1940, no writ); Eanes v. Haynes, 135 S.W.2d 190 (Tex. Civ. App. - Eastland 1939, no writ); McKnight v. Washington National Insurance Co., 131 S.W.2d 1072 (Tex. Civ. App. - Dallas 1939, no writ). This line of cases originated from the Commission of Appeals decision in Johnson v. Universal Life and Accident Insurance Co., supra. The Johnson case suggests that this rule is the result of statutory construction:

> the [statute] does not change the right to recover attorney's fees, but only says that they shall be taxed as part of the costs.
>
> . . . .
>
> The amended act does not say that in ascertaining the amount in controversy, for jurisdictional purposes, the attorney's fees shall not be considered. (Emphasis in original).

94 S.W.2d at 1146; see also Johnson v. Universal Life & Accident Insurance Co., 96 S.W.2d 674, 676 (Tex. Civ. App. - Eastland 1933, no writ). The various statutes which presently authorize recovery of attorney fees in specified cases do not expressly require that they be computed as part of the amount in controversy. Nevertheless, none of these cases required the courts to address directly the constitutional issue raised by your request.

The only language in sections 16 and 19 of article V of the Texas Constitution which address the manner in which the amount in controversy is to be determined states that it shall be determined "exclusive of interest"; the provision does not expressly require that attorney fees be included in the amount in controversy. No other provisions of the Texas Constitution address the manner in which the amount in controversy is to be computed. As indicated, however, at the time the constitutional provision was initially drafted, costs were never computed as part of the amount in controversy while attorney fees were computed as part of the amount. There existed no need to expressly address the inclusion or exclusion of these items in the amount or value in controversy. Although the express exclusion of interest from the computation need not be interpreted as an implied prohibition on a legislative exclusion of costs and statutory attorney fees from the computation of the amount in controversy, the meaning of the "amount in controversy" which was in effect at the time the provision was adopted should control. The amount in controversy excluded costs but included attorney fees.

At least one case in Texas has indicated that the rule is one that originates with the constitution itself. See De Busk v. Quest, 290 S.W.2d 569, 571 (Tex. Civ. App. - Amarillo 1956, writ dism'd). The court in De Busk v. Quest held that attorney fees constitute a

part of the amount in controversy in civil suits in county courts as established by article V, section 16 of the Texas Constitution. Id. The case also suggests that the amount in controversy established for civil suits in justice courts by article V, section 19 includes attorney fees. This is consistent with the treatment of attorney fees as different in nature from costs.

Moreover, the jurisdiction of a court over the person, over the res, and over the subject matter in controversy are not affected by the amount in controversy. The amount in controversy is usually the controlling factor in determining jurisdiction among the various courts. The proposed amendments could be viewed as expanding, as a practical matter, the jurisdictional amount of the county courts and justice courts. Accordingly, constitutional limits on the legislature's power to change the jurisdiction in county courts and justice courts are instructive.

Article V, section 1 of the Texas Constitution specifies the courts that are to exercise the state's judicial power. These courts include constitutional county courts and justice courts. The last paragraph of section 1 states:

> The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto. (Emphasis added).

Section 1 authorizes the legislature to create additional courts and to "conform the jurisdiction of the district and other inferior courts thereto"; the provision does not authorize the legislature to withdraw jurisdiction which is granted constitutionally to a court. Lord v. Clayton, 352 S.W.2d 718 (Tex. 1961); Reasonover v. Reasonover, 58 S.W.2d 817 (Tex. 1933). The Texas Constitution contains provisions which specifically authorize certain changes in the jurisdiction of county courts and justice courts.

Article V, section 16 fixes the minimum and maximum amount in controversy for various types of suits in county court. Article V, section 22 provides:

> The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change. (Emphasis added).

Section 22 has been construed liberally by the courts to allow the legislature to change the jurisdiction of the county courts. See

Gulf, W.T. & P. Railway Co. v. Fromme, 84 S.W. 1054, 1056 (Tex. 1905); Stavely v. Stavely, 94 S.W.2d 545, 546 (Tex. Civ. App. - Eastland 1936, writ dism'd w.o.j.); see also King v. State, 255 S.W.2d 879 (Tex. Crim. App. 1953) (withdrawal of criminal jurisdiction); Rogers v. Graves, 221 S.W.2d 399 (Tex. Civ. App. - Waco 1949, writ ref'd) (withdrawal of civil jurisdiction); cf. State v. Gillette's Estate, 10 S.W.2d 984 (Tex. 1928) (section 22 does not authorize withdrawal of probate jurisdiction from the county court; for changes in probate jurisdiction, see art. V, §8). However, the cases do not hold that the legislature may change the jurisdictional amount which is fixed by the constitution. If the legislature could change the jurisdictional amount in constitutional county courts and justice courts there would be little need for such an amount to be set in the constitution.

In one case, Campsey v. Brumley, 55 S.W.2d 810 (Tex. 1932), the Commission of Appeals stated in dicta that article V, section 22 authorized the legislature to enact a statute which conferred original jurisdiction on a particular county court in civil cases, where the amount in controversy was less than the minimum amount fixed in the constitution. The court did not address the constitutional issue of whether this statute amounted to the legal equivalent of changing the jurisdictional amount which is fixed by the Texas Constitution. Nevertheless, regardless of whether the exclusion of attorney fees from the computation of the amount in controversy is the equivalent of changing the constitutionally fixed amount in controversy, we conclude that the term "amount in controversy" encompasses attorney fees but not costs.

Article V, section 19 provides for civil jurisdiction in justice courts as follows:

> Justices of the peace shall have . . . exclusive jurisdiction in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, unless exclusive original jurisdiction is given to the District or County Courts, and concurrent jurisdiction with the County Courts when the matter in controversy exceeds two hundred dollars and does not exceed five hundred dollars, exclusive of interest, unless exclusive jurisdiction is given to the County Courts, and, as provided by law, when the matter in controversy exceeds five hundred dollars, concurrent jurisdiction with both the County Courts and the District Courts in an amount not to exceed one thousand dollars exclusive of interest, unless exclusive jurisdiction is given to the County Courts or the District Courts; and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations

as may be prescribed by law. . . .   (Emphasis added).

Subject to certain limits, section 19 authorizes the legislature to give justice courts additional jurisdiction. Nevertheless, the constitutional construction of the term "amount in controversy" applied to article V, section 16 should also be applied to this section. See De Busk v. Quest, 290 S.W.2d at 571. Accordingly, the Texas Constitution prohibits the legislature from amending article 2385 to exclude attorney fees from the computation of the amount in controversy in civil cases in justice courts.

## S U M M A R Y

The legislature may amend articles 1949 and 2385, V.T.C.S., to exclude court costs from the computation of the amount in controversy in county courts and justice courts, respectively, without violating the Texas Constitution. Because attorney fees differ in nature from court costs, the legislature may not constitutionally enact amendments to exclude attorney fees from the computation of the amount in controversy without corollary constitutional amendments.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General