Opinion issued February 12, 2026



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-25-00307-CV

———————————

**MARTIN PHIPPS, INDIVIDUALLY, AND PHIPPS LLP, Appellants**

**V.**

**CORD LARGO, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-72828**

---

### OPINION ON MOTION TO DECREASE SECURITY

Pending before the Court is appellant Martin Phipps' motion to decrease the amount of security set by the trial court. Together with this motion, Phipps filed an emergency motion for temporary relief requesting that the Court stay the trial court's order compelling post-judgment discovery responses until we resolve the motion to

decrease security. *See* TEX. R. APP. P. 24.4(c). We granted the emergency motion and stayed the discovery order.

In an issue of first impression, we hold that arbitration fees are not "costs awarded in the judgment" which a judgment debtor must supersede to suspend enforcement of the judgment pending appeal. *See* TEX. R. APP. P. 24.2(a)(1); TEX. CIV. PRAC. & REM. CODE § 52.006(a)(3). Accordingly, we grant the motion to decrease security and vacate the discovery order.

## BACKGROUND

Appellee Cord Largo initiated arbitration proceedings against Phipps and several other attorneys and law firms alleging they had breached a written agreement.[1] Largo obtained a favorable final arbitration award determining that he shall recover from Phipps $8,837.52 in compensatory damages for breach of contract, $85,569 in arbitration fees, $590,697.50 in attorney's fees, and pre- and post-award interest.[2]

---

[1]    The details of the agreement are irrelevant with one minor exception: We note that the agreement is silent about whether arbitration fees must be superseded if litigation ensues to confirm an arbitration award. The parties do not assert the agreement as a basis to support their arguments either way, and we do not consider the agreement further in this regard.

[2]    The award determined that Largo established separate damages, attorney's fees, and costs from appellant Phipps LLP. As Phipps points out, the award does not provide for joint and several liability between Phipps and Phipps LLP. Phipps LLP did not join the motion to decrease security.

Phipps did not satisfy the arbitration award, so Largo filed an application in district court to confirm it. The trial court signed a final judgment in March 2025 confirming the arbitration award against Phipps in the amount of $687,385.19. The same day, Phipps deposited $9,500.33 with the trial court clerk to suspend enforcement of the judgment pending this appeal. *See* TEX. R. APP. P. 24.1(a)(3), (c)(1)(A), (f), 24.2(a)(1). Phipps later asserted that this amount was for the compensatory damages portion of the award and estimated post-judgment interest on this portion pending appeal.

In July 2025, Largo moved the trial court to increase the amount of security under Texas Rule of Appellate Procedure 24. *See* TEX. R. APP. P. 24.3(a) (granting continuing jurisdiction to trial court to order and modify amount of security even after court's plenary power expires). Largo argued that arbitration fees are considered "costs awarded in the judgment" that must be superseded to suspend enforcement of the judgment, *see* TEX. R. APP. P. 24.2(a)(1), and therefore Phipps was required to post $109,098.54 as security rather than $9,500.33. Largo followed this motion with a motion to compel post-judgment discovery responses, arguing that Phipps was required to respond to the discovery because he did not properly supersede the judgment. *See* TEX. R. CIV. P. 621a (authorizing party to obtain post-judgment discovery to aid in enforcing judgment "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court"). The trial court

granted both motions. Phipps then moved this Court for emergency temporary relief from the discovery order and to decrease the amount of security ordered by the trial court. We previously granted the emergency motion and stayed the discovery order.

## STANDARD OF REVIEW

"A judgment debtor is entitled to supersede the judgment while pursuing an appeal." *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). "Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken." *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied). "Enforcement of a judgment must be suspended if the judgment is superseded." TEX. R. APP. P. 24.1(f).

Rule of Appellate Procedure 24 provides the requirements for suspending enforcement of a judgment pending appeal in civil cases. A judgment debtor may supersede a judgment by several methods, including by making a cash deposit with the trial court clerk, as Phipps did here. *See* TEX. R. APP. P. 24.1(a)(3), (c)(1)(A).

The amount of security required to supersede a judgment pending appeal depends on the type of judgment. *See* TEX. R. APP. P. 24.2(a). When, as here, the judgment is for money, the amount of security "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal,

4

and costs awarded in the judgment."[3] TEX. R. APP. P. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE § 52.006(a). The trial court retains jurisdiction after its plenary power expires to order or modify the amount of security required to suspend execution of a judgment. TEX. R. APP. P. 24.3(a)(1)–(2).

On any party's motion, an appellate court may engage in a limited review of a trial court's supersedeas order. TEX. R. APP. P. 24.4(a). This review includes the sufficiency or excessiveness of the amount of security. TEX. R. APP. P. 24.4(a)(1); *see also* TEX. R. APP. P. 24.4(b) (authorizing appellate review "based both on conditions as they existed at the time the trial court signed an order and on changes in those conditions afterward"). The appellate court may require that the amount of security be increased or decreased, and it may make other modifications to the trial court's order. TEX. R. APP. P. 24.4(d).

We generally review the trial court's supersedeas ruling for an abuse of discretion. *Senior Care Living VI, LLC v. Preston Hollow Cap., LLC*, 695 S.W.3d 446, 455 (Tex. App.—Houston [1st Dist.] 2023, order). A trial court abuses its discretion if it acts arbitrarily or unreasonably considering all circumstances of the case. *Id.* If the ruling turns on a question of law, such as the interpretation of a statute

---

[3]     Rule 24 caps the amount of security, but these caps are not relevant here. *See* TEX. R. APP. P. 24.2(a)(1)(A)–(B), (b).

5

or rule of procedure, our review is de novo. *Id.*; *see Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 78 (Tex. 2014).

## SUPERSEDEAS

The parties' dispute raises an issue of first impression: whether arbitration fees are "costs awarded in the judgment" which must be superseded to suspend enforcement of the judgment pending appeal. *See* TEX. R. APP. P. 24.2(a)(1); TEX. CIV. PRAC. & REM. CODE § 52.006(a)(3). We conclude that they are not.

"Costs awarded in the judgment" is not defined by statute or the rules.[4] *See In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) (orig. proceeding). But as Phipps points out, the supreme court has construed this phrase to mean "the fees or compensation fixed by law collectible by the officers of court, witnesses, and such like items," and the phrase "does not ordinarily include attorney's fees which are recoverable only by virtue of contract or statute." *Id.* (quoting *Johnson v. Universal Life & Accident Ins. Co.*, 94 S.W.2d 1145, 1146 (Tex. 1936)). The phrase does not "include[] anything other than what it ordinarily means:

---

[4] As Phipps points out, Rule of Civil Procedure 145 defines "[c]osts" as "any fee charged by the court or an officer of the court, including, but not limited to, filing fees, fees for issuance and service of process, fees for copies, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record." TEX. R. CIV. P. 145(a). Rule 145 governs statements of inability to afford payment of court costs and is not directly on point. We agree with Phipps, however, that the rule generally supports his position.

6

court costs." *Id.* The court held that attorney's fees were not costs that must be superseded. *Id.* at 175–76.

Although the opinion addressed attorney's fees rather than arbitration fees, *In re Nalle Plastics* supports Phipps' contention that arbitration fees need not be superseded under Rule 24 to suspend enforcement of a judgment. Arbitration is a private dispute resolution process based on an agreement to forego the legal process in favor of private arbitration. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) ("[A]n arbitrator derives his or her powers from the parties' agreement to forgo the legal process and submit their disputes to private dispute resolution.")). Arbitrators are private arbiters of disputes rather than "officers of court," and arbitration fees "are recoverable only by virtue of contract[.]" *See In re Nalle Plastics*, 406 S.W.3d at 175 (explaining general understanding of meaning of "costs" and noting that meaning does not ordinarily include attorney's fees). We agree with Phipps that under the reasoning of *In re Nalle Plastics*, arbitration fees fall outside the scope of Rule 24's "costs awarded in the judgment."

Largo relies on Civil Practice and Remedies Code section 154.054(b) to assert that the trial court was required to tax the arbitration fees as costs because the parties did not agree about payment of the fees. Section 154.054(b) provides, "Unless the parties agree to a method of payment, the court shall tax the fee for the services of

7

an impartial third party as other costs of suit." TEX. CIV. PRAC. & REM. CODE § 154.054(b). While initially availing, we ultimately reject this contention.

Section 154.054 is part of the Texas Alternative Dispute Resolution Act (ADR Act), which "only deals with court-ordered referrals of pending litigation to alternative dispute resolution procedures." *Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 220 (Tex. App.—Houston [1st Dist.] 1996, no pet.). If a court orders parties in a pending dispute to participate in alternative dispute resolution, the court may appoint an impartial third party to facilitate the procedure. TEX. CIV. PRAC. & REM. CODE § 154.051(a). The court may also set a reasonable fee for the impartial third party's services. *Id.* § 154.054(a). And as Largo points out, the court may then tax the impartial third party's fee as costs unless the parties agree to a method of payment. *See id.* § 154.054(b).

But this case concerns contractual arbitration, not an ADR procedure under the ADR Act. This Court has previously held that the Texas Arbitration Act (TAA)—not the ADR Act—governs contractual arbitration disputes:

> The present case does not involve court-ordered referral of pending litigation to an ADR procedure. Rather, the parties contractually agreed to arbitration before the current dispute ever arose. As such, the current dispute is governed by the Texas Arbitration Act, not the ADR Act.

*Porter & Clements*, 935 S.W.2d at 220; *see also In re Cartwright*, 104 S.W.3d 706, 711 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (op. on reh'g) ("Chapter 154 applies to court-ordered referrals to alternative methods of dispute

resolution, not to private, contractual agreements to resolve disputes."). Here, Largo initiated arbitration pursuant to a written agreement between the parties, obtained a final arbitration award, and then applied to the district court to confirm the award. This case thus involves a pre-dispute agreement to arbitrate rather than a court-ordered referral of pending litigation to an ADR procedure. Under our prior precedent, section 154.054(b) of the ADR Act does not apply to this dispute over arbitration fees.

The TAA—which does apply to contractual arbitration—addresses court costs and arbitration fees in two relevant sections. First, section 171.055 provides that absent a different agreement between the parties, "the arbitrators' expenses and fees, with other expenses incurred in conducting the arbitration, shall be paid as provided in the award." TEX. CIV. PRAC. & REM. CODE § 171.055. Unlike section 154.054(b), which expressly permits court-ordered ADR fees to be taxed as costs, section 171.055 requires that arbitration fees "shall be paid as provided in the award." *See id.*; *see also TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). Section 171.055 therefore does not authorize a court to tax arbitration fees as costs.

Second, section 171.092 permits a judgment to award "(1) costs of the application and of the proceedings subsequent to the application; and (2) disbursements." TEX. CIV. PRAC. & REM. CODE § 171.092(b). "[T]he application" refers to an application to the court for an order under the TAA, such as an order confirming an arbitration award. *See id.* §§ 171.082(a) ("The filing with the clerk of the court of an application for an order under this chapter, including a judgment or decree, invokes the jurisdiction of the court."), 171.083 (permitting party to file "application . . . subject to this chapter, at or after the conclusion of the arbitration"), 171.087 (stating that absent ground to vacate, correct, or modify award, "the court, on application of a party, shall confirm the award"). Section 171.092 does not permit a court to tax as costs arbitration fees which were incurred before a party filed an application to confirm the arbitration award.

We conclude that the trial court abused its discretion by ordering Phipps to post security for the amount of arbitration fees awarded in the final arbitration award. Following *In re Nalle Plastics* and the TAA, we hold that arbitration fees are not "costs awarded in the judgment" that must be superseded to suspend enforcement of the judgment pending appeal under Rule 24.

Based on this holding, we must vacate the trial court's discovery order, which we previously stayed pending resolution of the motion to decrease security. The discovery order granted Largo's motion to compel post-judgment discovery

10

responses from Phipps and ordered Phipps to immediately respond to the discovery requests. But this order is inconsistent with Phipps' deposit of sufficient security to suspend enforcement of the judgment. Rule of Civil Procedure 621a permits a judgment creditor to seek post-judgment discovery from a judgment debtor to obtain information to aid in the enforcement of a judgment only "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court[.]" TEX. R. CIV. P. 621a; *see also* TEX. R. APP. P. 24.1(f) ("Enforcement of a judgment must be suspended if the judgment is superseded."). The trial court abused its discretion by ordering Phipps to respond to post-judgment discovery even though he provided sufficient security to supersede the judgment.

## Conclusion

We grant Phipps' motion and decrease the amount of security required to suspend enforcement of the final judgment to $9,500.33, and we vacate the trial court's November 20, 2025 post-judgment discovery order.[5]

David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

---

[5] Phipps' motion states that he calculated the "estimated interest for the appeal's duration" at $663.01. This opinion is without prejudice to Largo seeking relief in the trial court to recalculate the estimated interest pending appeal should any party file a petition for review in the Texas Supreme Court.